## CHAPEK v. THE CITY OF LAKEWOOD.

*Court of appeals — Review on weight of evidence — Necessity of motion for new trial — Verdict directed in trial court — At conclusion of plaintiff's evidence.*

The court of appeals has no power in an error proceeding to consider the weight of the evidence on a judgment rendered on a directed verdict for the defendant in a personal injury case, where no motion for a new trial was filed within the statutory time, even though the defendant offered no evidence and the only evidence showing the circumstances of the plaintiff's injury was his own testimony.

(Decided April 19, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. P. J. Mulligan* and *Mr. J. P. Kalina,* for plaintiff in error.

*Mr. R. G. Curren,* for defendant in error.

RICHARDS, J. This action was commenced for the purpose of recovering damages for personal injuries, the plaintiff claiming that the city negligently left across a street an open trench into which he drove with a horse and delivery wagon. At the close of the plaintiff's evidence the trial court directed the jury to return a verdict for the defendant on the ground that the evidence showed that the plaintiff was guilty of negligence directly contributing to his own injury. This verdict was returned on Friday, January 19, 1919. A motion for new trial was filed, but not until the following Tuesday, which would not be within the time required by statute.

It is, however, insisted by counsel for plaintiff that no motion for a new trial was necessary. This argument is based on the contention that no evidence was offered on behalf of the plaintiff showing the circumstances of his injury, except his own testimony, and, the defendant not having offered any evidence, that which was offered by the plaintiff amounted to the conceded facts of the case and it only remained for the trial court to apply the law to those facts.

It was said in the case of *Weaver* v. *The Columbus, Shawnee & Hocking Valley Ry. Co.*, 55 Ohio St., 491, 494, that the statutes do not expressly prescribe the conditions under which a motion for new trial is necessary and that the question depends upon a judicial interpretation and construction of various statutory provisions. These provisions are contained in Sections 11564, 11576, 11578 and 11579, General Code.

In a case entitled *"In the Matter of the Estate of Hinton, Deceased,"* 64 Ohio St., 485, there was an agreed statement of facts, and the court say that all that was necessary was for the court to apply the law to the conceded facts, and that as there was no evidence to be weighed or considered, the only question being whether the court rendered the right judgment upon the agreed facts, a motion for new trial was not necessary. Other similar illustrations may be found in the reports. We can not, however, apply the rule thus announced to the situation disclosed in the present case. An agreed statement of facts contains or should contain the facts rather than the evidence, while in the case at bar we do not have the agreed facts, but merely

the testimony of the plaintiff, which must be weighed and considered in order to determine what the ultimate facts are, and in such a case a motion for new trial is necessary.

The injury to the plaintiff occurred in the daytime, and his testimony tends to show that he had full knowledge of the existence of the trench, partly filled with earth, and that there was some snow and slush in the trench, but that he did not know that the earth under the slush was soft. His horse stepped into this opening, and, sinking down, became frightened, thus causing the injury. The court would be required to determine from the plaintiff's testimony whether under the circumstances disclosed he would or would not have an equal opportunity with the city to know the precise condition of the trench at the time of the injury and whether he was guilty of contributory negligence. This all involves a weighing and consideration of the testimony, which is entirely different from applying the law to conceded or agreed facts.

It is said in 1 Jones' Commentaries on Evidence (1913 ed.), Section 10a, that it is a strange thing that "fact" and "evidence" have sometimes been used synonymously; and in the same section we find the following language clearly showing the difference between "fact" and "evidence":

"We ascertain the existence of a fact by means of evidence. The evidence, and each item thereof, are, in a certain sense, facts. But the different items of the evidence are not necessarily such facts as call in operation the law. It is the proof—the facts resulting from the evidence—that invoke the

law. It is the chief purpose of a judicial inquiry to ascertain the probative or ultimate facts. The application of the law to them follows as a necessary incident."

The issues in this case involve negligence and contributory negligence and evidence was introduced by the plaintiff which bears on both issues, but he contends it did not justify the court in directing a verdict.

The question as to when a motion for new trial is necessary is quite fully discussed in Kinkead's Ohio Civil Procedure, Sections 848, 849 and 850.

We are of opinion that a motion for new trial was necessary in this case, and none having been filed within the statutory limit we are unable to consider the evidence set forth in the bill of exceptions.

*Judgment affirmed.*

CHITTENDEN, J., concurs.

KINKADE, J. I concur only in the judgment of affirmance.

Judges of the Sixth Appellate District, sitting in place of Judges DUNLAP, WASHBURN and VICKERY of the Eighth Appellate District.