## CURRENT OHIO SUPREME COURT CASES
### Weekly Advance Abstract Opinions

SUPREME COURT OF OHIO
Tuesday, February 27, 1923

### GENERAL DOCKET

17432—Mamie Portia v. The Cleveland Co.; error to the Court of Appeals of Cuyahoga County. Settled and dismissed at costs of defendant in error.

### MOTION DOCKET

17130—In the Matter of the vacation of an Abandoned Portion of what is known as Indianola Avenue east of Summit Street. Motion for an order directing the Court of Appeals of Franklin County to certify its record. Settled.

17131—Helen F. Bennett v. Wm. A. Fleming, et al. Motion by defendant Wm. A. Fleming to vacate order remanding cause to Common Pleas Court, and to remand it to Court of Appeals. Allowed.

17266—Frank T. Andrews, et al., v. The State, ex rel. Peter J. Henry. Motion by relator for allowance of costs, including attorney fees. Motion for allowance of attorney fees overruled; cause remanded.

17365—James L. Adams v. Hollow Rock Mining & Transportation Co. Motion for an order directing the Court of Appeals of Jefferson County to certify its record. Sustained.

17557—Edward Ricard v. Harry Howe. Motion for an order directing the Court of Appeals of Lucas County to certify its record. Overruled.

17663—The Toledo, Columbus & Ohio River Railroad Co. v. Victor D. Miller. Motion by plaintiff for 30 days extension of time to file printed briefs. Time extended to March 10th.

17781—M. E. Walls v. Thomas L. Mitchell, et al. Motion by plaintiff to dispense with printing testimony, evidence, exhibits and portion of charge. Overruled.

17786—Benjamin E. Seibert v. Celia Seibert. Motion for an order directing the Court of Appeals of Champaign County to certify its record. Overruled.

17786—Benjamin E. Seibert v. Celia Seibert. Motion by defendant to dismiss petition in error filed as of right. Sustained.

17806—Curtis James v. State of Ohio. Motion for an order directing the Court of Appeals of Licking County to certify its record. Overruled.

17808—David Jones, a Minor by his next friend, Daniel Jones v. The Newton Steel Co. Motion for an order directing the Court of Appeals of Mahoning County to certify its record. Overruled.

17809—The New York Central Railroad Co. v. George Francis. Motion for an order directing the Court of Appeals of Lucas County to certify its record. Sustained.

17815—Steve Tesca v. State of Ohio. Motion for an order directing the Court of Appeals of Licking County to certify its record. Sustained.

17817—The National Automatic Typewriter Co. v. The Hooven Automatic Typewriter Co. Motion for an order directing the Court of Appeals of Hamilton County to certify its record. Overruled.

17818—David F. Thompson v. Alfred Haswell, et al. Motion for an order directing the Court of Appeals of Wood County to certify its record. Overruled.

17818—David F. Thompson v. Alfred Haswell, et al. Motion by defendants to dismiss petition in error filed as of right. Sustained.

## OPINIONS
199
### WELLS, JR., v. WELLS
Ohio Supreme Court
No. 17329. Decided July 5, 1922

This opinion has not been published except in Abstract.

**ERROR PROCEEDINGS—(1) Application of 70 day rule to divorce proceedings—(2) Extension of 70 day period by formal entry of appearance—(3) Effect of motion for a new trial.**

ROBINSON, J.:

Epitomized Opinion

Error to Ohio Court of Appeals, Trumbull County

Wells, Jr., brought suit in the Common Pleas Court against his wife charging her with adultery and she in a cross-petition charged Wells with adultery. The Common Pleas found for Wells and against Mrs. Wells. May 14, 1921, she filed a motion for a new trial; June 17, 1921, the motion was overruled and on July 25, 1921, she filed a bill of exceptions which was allowed Sept. 3, 1921. On Aug. 23, 1921, she filed her petition in error in the Court of Appeals, 67 days after the overruling of the motion and 103 days after entering the decree. Nov. 4, 1921, the Court of Appeals reversed the decree of the Common Pleas. Held by the Supreme Court in reversing the Court of Appeals:

1. The limitation of time provided by 12270 GC. is applicable to divorce proceedings, and the 70 days begins to run from the date of the entry of the decree and not from the date of the overruling of the motion for a new trial. 53 OS. 291; 58 OS. 395 and 104 OS. 312 approved and followed.

2. Parties to an action cannot, by formal entry of appearance or by agreement, extend the limitation of time provided in 12270 GC.

3. A motion for a new trial affects the time when the limitation begins to run only in those cases where the motion prevents the entry of a judgment.

Attorneys—Moore, Barnum & Hammond, for Wells, Jr.; Kenealy, Metcalfe & Cannon and J. J. Boyle, for Wells.

---

200
### STATE ex rel. v. CHANDLER, Auditor
Ohio Supreme Court
No. 17509. Decided July 5, 1922

This opinion has not been published except in Abstract.

**BONDS—GRISWOLD ACT—(1) Meaning of "proceedings" mentioned in—(2) Applications of provisions of, to legislative acts only—Limitation of period of maturity—Municipal Street Improvement.**

Epitomized Opinion
Original Suit

The city council of Portsmouth, O., March 3, 1920, passed an ordinance providing for the improvement of certain streets and Nov. 16, 1921, passed ordinance authorizing bond issues to provide funds for that purpose, the bonds to mature in from one to twenty years. The sinking fund trustees of Portsmouth and the industrial commission of Ohio refused to purchase these bonds, and the city council after advertising them sold the bonds to a private concern, Feb. 21, 1922. The Griswold Act (109 Ohio Laws 336), Sec. 23, regulating the maturities of bonds, pro-