## No. 304

### KARPANTY v. KARPANTY
Ohio Appeals, 6th Dist., Lucas Co.

413. DIVORCE—Where the defense of recrimination in divorce case is supported by overwhelming preponderance of evidence disclosing that plaintiff himself was guilty of an act constituting a ground for divorce, it is reversible error to grant plaintiff a divorce, who himself, is so guilty.

2. Adultery is a good defense to a charge of gross neglect of duty.

**First Publication of this Opinion**

WILLIAMS, J.

Joseph Karpanty brought an action against his wife in the Lucas Common Pleas praying for divorce and alimony. She denied the allegations of the petition and pleaded the defense of recrimination in which she alleged the commission of adultery on part of plain-

tiff; and later filed a petition for alimony only. The court granted the husband a divorce on the ground of gross neglect of duty and granted the wife as alimony the real estate to which she had legal title and $1500.

Error was prosecuted by the wife, and the Court of Appeals held:

1. This court has power, under Article IV, Sec. 6 of the Constitution of Ohio, to review, affirm, modify or reverse judgments of the Common Pleas Courts, including those rendered in actions for divorce, and that jurisdiction cannot be taken away, changed or modified by the General Assembly. Wells v. Wells, 105 OS. 471.

2. The record discloses that the defense of recrimination was established by an overwhelming preponderance of the evidence. Wherever the evidence discloses that the person applying for divorce is himself guilty of an act which constitutes a statutory ground for divorce under the law of our State, and the act constituting such a ground is pleaded by way of recrimination, it is reversible error for the court to grant to a person a divorce who himself is so guilty.

3. Adultery would be a good defense to a charge of gross neglect of duty.

4. The evidence shows that the adulterous acts continued after the wife's condonation of earlier offenses, and as they were clearly proven, the court had no power to disregard the settled principles of law and grant a divorce to the husband.

Judgment therefore reversed.

(Culbert & Richards, JJ., concur.)

Attorneys—Frank H. Foster and A. C. Szelusta for plaintiff in error; Edward H. Ray for defendant in error; all of Toledo.