WIEGAND, etc. v. WIEGAND.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7754.   Decided Feb. 6, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

643. INSANITY—62.   Alimony—1223. . Vacation.

Fact that insane person, in action for divorce and alimony, was represented by trustee, and that duly appointed guardian was not served, held sufficient grounds to require vacation of judgment.

Error to Common Pleas.

Judgment reversed.

Copeland & Quintrell, Cleveland, for plaintiff in error.

F. E. Bruml, Cleveland, for defendant in error.

STATEMENT OF FACTS.

This cause is here on error from the Court of Common Pleas of Cuyahoga County, and it is sought to reverse the ruling of the Common Pleas Court because of the ruling of Aug. 11, 1926, refusing to vacate a judgment for alimony, to which ruling the plaintiff in said court then and there excepted.

It appears that, in December, 1925, the plaintiff, by her next friend, commenced suit for alimony against the defendant, and, personal service having been obtained on Dec. 14, 1925, the motion for temporary alimony was refused. On Dec. 21, 1927, an answer and cross petition were filed by the defendant, and it was endorsed as showing service upon the plaintiff,

(Continued on Page 332)

## PUBLISHER'S COLUMN

### THE OHIO LAW ABSTRACT

**Entered as second class matter, February 28, 1923,
at the Post Office, Cleveland, Ohio
under the Act of March 3, 1879.**

Issued Every Saturday          50 Weeks of the Year
**SUBSCRIPTION PRICES AND TERMS**
Weekly Edition, One Year (50 issues) Payable in
Advance .................................... $15.00
### THE LAW ABSTRACT COMPANY'S
### SUBSCRIPTION PRICES AND TERMS
Weekly Edition, One Year (50 issues) Payable in
Advance .................................... $15.00
Discount for advance payment $3.00, making the
net price ................................ 12.00
Including 1928 Quarterly Digests, to paid subscrib-
ers, no extra charge.
Including Binding of 1927 or 1928 Weekly Parts at
end of year, if paid in advance, net............ 13.50
RENEWALS not prepaid (per mo. $1.25)......... $15.00
No discount allowed after expiration date
Including Cinque Digest and Year's Subscription. . $18.00
Single Numbers ............................... .35
Receiving Abstract after expiration date, without pay-
ing renewals, considered as authorized continuation of
subscription.
### EXPIRATION NOTICES
**DISCOUNTS.** We send notices to subscribers, begin-
ning four weeks in advance of the date to which their
subscription is prepaid. Thus assuring them of ample
knowledge in time to make renewals, and save the $3.00
we give to those who mail check in advance.
**EXTENSION RATE.** All overtime on expired sub-
scriptions, that were not prepaid will be charged and
billed in advance to those who continue to receive the
paper, at the full price of $1.25 per month, until pay-
ment and prepaid renewal are again made.
### THE LAW ABSTRACT COMPANY
Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.
### STAFF
Sam H. Torrey.....................Circulation Manager
Jay F. Laning........................Business Director
Sheldon R. Laning...................Editorial Director

# GROWTH OF DIGESTING

In the Abstract columns, attention of its sub-
scribers has been frequently called to the great
growth of Ohio case law that has been going
on constantly, since the inception of the paper,
and it goes without saying, that, as a neces-
sary result, there have been many more cases
to digest. So many, in fact, that the former
space they occupied became no longer suffi-
cient to contain them.

This growth developed the necessity for a
larger and separate Digest publication to fur-
nish a complete, efficient and prompt system of
digesting. In order to meet the demand that
has arisen, as has recently been announced,
its editors have worked out a plan of Loose
Leaf Digesting, which will soon come into
vogue, and it is hoped will eventually come
into general use. But this does not mean that
the plan of digesting maintained in the Ab-
stract, in the past, is to be abandoned.

Its publishers will continue to send out to
its subscribers free of charge, the usual pink
paper Quarterly Digest covering the previous
three months period.

This means they will continue to receive a
complete Quarterly Digest, Case Law Notes,
Code Law Notes and Omnibus Index, which
includes a Table of Cases and Concordance, as
they have been receiving, all at the price of
the Abstract.

If it were possible to obtain all of these
services in different publications, the aggregate
cost would be much more than the subscrip-
tion to the Abstract, while the information
would come slowly, and could not be assimi-
lated or handled so easily or efficiently as now.

Subscribers to the Abstract will always re-
ceive their money's worth, in abundance.

(Continued from Page 331)
an insane person, and by the method of deliv-
ering to her a copy thereof, and service was
also made on the Superintendent of the State
Hospital in whose custody the plaintiff, as an
insane person, was found to be.

On July 16, 1926, an answer to defendant's
cross petition was filed by a trustee appointed
by the court, and thereafter the case was heard,
and submitted, and a decree was rendered for
the defendant upon his cross petition for di-
vorce, and the petition for alimony was dis-
missed.

The ground of divorce was adultery. The
custody of the children was awarded to the
defendant, with permission of the plaintiff to
visit them, and alimony was granted to neither
party.

Subsequently, the plaintiff filed a motion to
vacate or modify the judgment, and the mo-
tion was overruled by the trial court, and it
is to this ruling that exception was taken and
error is assigned.

SULLIVAN, PJ.

"Section 11249 is decisive of the question.

It will be observed, by the language of the
statute, that the appointment of a trustee is
only authorized in case there is no guardian,
and it is conceded, in this case, that, at the
time of the trial, the insane person, Mildred I.
Wiegand, had a duly appointed guardian who
was not a party to the suit, and whose first
entrance into the litigation was by the motion,
made after judgment, to vacate or modify the
decree as to alimony, on the ground that, under
the statute, the trustee was powerless to repre-
sent the insane person in court, excepting ac-
cording to the terms of the statute that there
was no guardian, duly appointed and qualified,
acting for her.

There is no question but that, under Article
4, Section 6 of the Constitution of Ohio, this
court, in cases like the one at bar, has jurisdic-
tion to consider the questions presented in this
case. This was determined in the well known
case of Wells v. Wells, 105 OS. 471.

It is our unanimous judgment that the mo-
tion to vacate the judgment, on the application
of the guardian, should have been granted,
and the refusal of the court so to do was
prejudicial to the substantial rights of the
plaintiff in error, under the requirements of
the statute above quoted.

Holding these views, the judgment of the
lower court is hereby reversed as to the ali-
mony alone, and the cause, as to that question
remanded to the Court of Common Pleas for
further proceedings according to law."

(Vickery and Levine, JJ., concur.)