## METZNER v FANZOI

Oiho Appeals, 8th Dist, Cuyahoga Co

No 9284. Decided Mar 4, 1929

Morgenstern & Morgenstern, Cleveland, for Metzner.

Charles H Krieg and Albert C Hasse, Cleveland, for Fanzoi.

Judges WILLIAMS and RICHARDS of the Sixth Dist Sitting.

## STATEMENT OF FACTS

Wincenz Fanzoi brought an action in the court of common pleas to recover $1200.00 on a contract made with Adolph Metzner to remit for him by cable in Austrian money the amount named, the sum to be remitted to the Postsvarkassa Bank at Vienna, Austria. This contract was made about March 20, 1917, and the sum named was delivered to Metzner at that time for immediate remittance. The plaintiff averred that the defendant neglected and failed to remit the amount in accordance with the agreement, the failure arising by reason of a state of war existing in Europe.

At the conclusion of the evidence each party moved for a directed verdict on the pleadings and the evidence and the jury was thereupon discharged and the cause submitted to the court, which, upon consideration, rendered a judgment in favor of the plaintiff below in the sum of $1768.40 and for costs. This judgment was rendered on December 24, 1927 and the journal entry thereof was duly filed with the Clerk of Courts on the same day on which the entry was made by the trial judge. A motion for new trial was duly filed on December 24, 1927, and the same was overruled by the trial court on March 9, 1928, and at the time of overruling the motion the court again adjudged that the plaintiff recover of the defendant "his said damages and also his costs of this suit." A bill of exceptions was prepared and filed within the period fixed by statute, but no petition in error was filed in the Court of Appeals until May 9th, 1928.

The case was argued in this court on the merits and some very interesting questions were discussed relating to the liability of a party who has agreed to remit in foreign currency to a foreign country and fails to do so by reason of a state of war existing at the time, but we are unable to consider and decide this case upon the merits for reason that the petition in error was not filed within the time limited by statute.

**Section 12270, General Code,** requires that a proceeding in error to reverse or modify a judgment or final order shall be filed within seventy days after the entry of judgment or final order of which complaint is made. The time for filing such proceeding in error begins on the date that the journal entry of the judgment was filed with the Clerk of Courts, which was December 24, 1927, and not from the date that the motion for a new trial was overruled. The language of the entry of December 24, 1927, is such as to render a final judgment in favor of the plaintiff in the trial court, and if we should assume that the trial court, in overruling the motion for a new trial on March 9, 1928, again entered the same judgment, that would not avail the plaintiff in error for the reason that the original judgment would still remain in force and unaffected by this proceeding in error. These principles have been frequently announced and we need only cite **Wells, Jr. vs. Wells, 105 Ohio St., 471 and Wyant vs. Russell, 109 Ohio St., 167.**

The petition in error not having been filed within the time limited by statute, must be dismissed.

Williams, J, concurs. Lloyd, J, not participating.