Marshall, C. J.
 

 This- case has been certified to this court by the Court of Appeals of Hamilton county, Ohio, because its decision is in conflict with the decision of a similar case decided by the Court of Appeals óf Lake county, Ohio. The suit was tried in the court of common pleas of Hamilton county as an action at law to recover a money judgment. A jury was waived and the case was submitted to the court without the intervention of a jury April 27, 1929, and a decision was rendered in favor of the plaintiff, and the following judgment was immediately entered upon the journal:
 

 “This cause coming on this day for hearing and a jury being waived by plaintiff and defendant, was submitted to the court upon the pleadings and evidence ;
 

 “On consideration whereof the court find on the issue joined for plaintiff; and that the defendant is indebted to the plaintiff in the sum of $970.66.
 

 “It is therefore considered by the court that the
 
 *14
 
 plaintiff The Warren E. Richards Company recover from the defendant Charles E. Boedker, the said sum of $970.66, and its costs herein expended.
 

 “To all of which defendant excepts.”
 

 Two days later, on April 29, 1929, the defendant filed a motion for a new trial. The motion for a new trial was not disposed of until March 18, 1930, at which time the court entered upon the trial docket the following entry:
 

 “This cause coming on to be heard on the motion of the defendant to set aside the judgment heretofore rendered by the Court without the intervention of a jury herein on about April 27, 1929, and for a new trial, was submitted to the court. Said motion was submitted to the court February 17, 1930. On consideration whereof the court finds said motion to be not well taken and does overrule the same.
 

 “The court coming now to enter final judgment herein it is ordered, considered and adjudged that the plaintiff, The Warren E. Richards Company, recover from the defendant, Charles E. Boedker, the sum of $1013.74, and its costs herein expended.
 

 “To all of which the defendant, Charles E. Boedker, duly excepts.”
 

 Thereupon, on April 18th, within the time limited after March 18th, the defendant filed his bill of exceptions, and a petition in error with waiver of summons and other papers were filed in the Court of Appeals on May 22,1930, within the 70-day period for filing such petition in error. On December 4, 1930, on motion of defendant in error, the Court of Appeals dismissed the petition in error, on the ground that it was not filed within 70 days after the entry of the judgment of April 27, 1929.
 

 
 *15
 
 It is' contended on the part of plaintiff in error that the time for error proceedings to the Court of Appeals began to run from the overruling of the motion for a new trial and the entry of judgment thereon, while it is contended by the defendant in error that it began to run from the entry of the judgment of April 27, 1929.
 

 The determination of this question calls for a review of a number of former decisions of this court. In the case of
 
 Young
 
 v. Shallenberger, 53 Ohio St., 291, 41 N. E., 518, 519, it was held:
 

 “When a general verdict is returned by the jury, the clerk is authorized by Section 5326, of the Revised Statutes, to enter judgment upon it, unless ‘the court order the case to be reserved for future argument or consideration;’ and such judgment is regular and valid, though entered before the expiration of the statutory time for filing a motion for a new trial.”
 

 That case, like the instant case, was a suit at law, and differed from the instant case only in the fact that it was actually heard and decided by a jury, the verdict being rendered on April 29, 1892, and a judgment being immediately entered thereon by the clerk. The motion for a new trial was filed on May 2, 1892, and was not decided until June 20th. The
 
 Shallenberger case
 
 was decided upon the law existing at that time, Section 5326, Revised Statutes, which read as follows: “When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court order the case to be reserved for future argument or consideration # * *.”
 

 Under that statute it became the duty of the clerk,
 
 *16
 
 in the absence of a contrary order of reservation for future argument, to enter the judgment. The
 
 Shallenberger case
 
 could not under that statute have been decided otherwise.
 

 Section 5307, Revised Statutes, as it stood in 1895 when the
 
 Shallenberger case
 
 was decided, permitted a motion for new trial to be filed within three days, but made no reservation concerning the entry of judgment within the three-day period.
 

 The case of
 
 Dowty
 
 v.
 
 Pepple,
 
 58 Ohio St., 395, 50 N. E., 923, was heard by this court in 1898, and followed the decision in the
 
 Shallenberger case,
 
 there having been no change in the statute during the interim. The only new element in the case of
 
 Dowty
 
 v.
 
 Pepple
 
 was that the judge had been absent from the district, and therefore unable to pass upon the motion for new trial. It was held by the court that that fact made no difference. It is difficult to see how that case could have been otherwise decided under the law as it then existed. Since that time two other cases have been reviewed by this court, but they were equity cases and the statutes relating to verdicts can therefore have no application.
 

 This court has recently decided the case of
 
 Shelley
 
 v.
 
 State,
 
 123 Ohio St., 28, 173 N. E., 730, in which it was held: “In proceedings in error prosecuted under Section 6212-20, General Code, providing ‘such petition in error must be filed within thirty days after the judgment complained of,’ where motion for new trial is filed, the thirty days begin to run from the date of entering judgment upon the finding or verdict rendered in the trial court after the overruling of such motion.”
 

 In the
 
 Shelley case
 
 a jury was waived, and the
 
 *17
 
 trial judge found the accused guilty, immediately passed sentence, and entered the judgment upon the journal' on September 30, 1929. The motion for new trial was filed within three days, but not determined until October 11th. The petition in error was filed within the 30-day period stipulated in such cases, but summons was not issued until after the 30-day period had expired, viz., November 6, 1929. The summons was, however, issued within 30 days from the entry of overruling the motion for a new trial. The analogy between the
 
 Shelley case
 
 and the instant case is perfect, unless it be held that a different rule prevails between civil and criminal cases. It is the spirit of the
 
 Shelley case
 
 that it is the right of the accused to file a motion for a new trial within three days after the verdict or finding against him, and that he is to be permitted to present to the court the grounds set forth in the motion for a new trial and have a determination of those grounds before a valid judgment can be entered against him. The rule declared in the
 
 Shelley case
 
 in a criminal proceeding has even greater warrant in a civil case because of the peculiar language of the statute governing the entry of a judgment in civil cases triable by a jury. After the disposition of the cases of
 
 Young
 
 v.
 
 Shallenberger
 
 and
 
 Dowty
 
 v.
 
 Pepple,
 
 decided respectively in 1895 and 1898, the Legislature, possibly with a view of correcting the rigors of those decisions, made a sweeping change in Section 5326, Revised Statutes (95 Ohio Laws, 351, passed May 2, 1902), whereby that section was amended to read as follows: ‘ ‘ That when a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special,
 
 *18
 
 or the court order the case to be reserved for future argument or consideration immediately after the time allowed by law for the filing of a motion for a new trial if such motion has not been filed; if a motion for a new trial has been filed then such judgment shall be entered only when the court has sustained such verdict by the overruling of such motion for a new trial and shall upon such overruling of said motion be then immediately entered.”
 

 In the enactment of the General Code, Section 5326, Revised Statutes, became Section 11599 of the General Code, without material change.
 

 Under the law prior to 1902 it became the duty of the clerk to enter the judgment upon the verdict immediately, unless further argument or consideration was reserved by the court. After the amendment of 1902, the clerk had no power to enter a judgment until after the time had expired for the filing of a motion for new trial. This is the clear meaning of the first sentence of Section 11599, General Code. The first sentence refers to the power of the clerk. The second sentence refers to the power of the court, and declares: “When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion.” If the clerk was without power to enter a judgment until after expiration of the time for the filing of a motion for a new trial, it is difficult to see upon what principle the court could enter the judgment. In view of the amendment having been made so soon after the decision of the cases already referred to, it will be presumed that the Legislature intended that the verdict should in any event precede the judgment bv
 
 *19
 
 the period allowed for filing a motion for a new trial. The eases of
 
 Young
 
 v.
 
 Shallenberger
 
 and
 
 Dowty
 
 v.
 
 Pepple
 
 were undoubtedly correct at the time they were rendered, in the state of the statute then existing, but they would not be in harmony under the statute as amended in 1902. In 1922 this court decided the case of
 
 Craig
 
 v.
 
 Welply,
 
 104 Ohio St., 312, 136 N. E., 143, and the case of
 
 Wells, Jr.,
 
 v.
 
 Wells,
 
 105 Ohio St., 471, 138 N. E., 71. Neither of those cases was triable by a jury. There was no intervention of a verdict. The court in each instance was at liberty to enter the decree Immediately upon the termination of the cause. Whether the principle declared in the instant case applies to cases not triable to a jury is neither considered nor decided.
 

 The fact that a jury was waived in the instant case does not affect the principle involved. Technically speaking, the finding of the court would not be the verdict of a jury, but the rights of the parties would be the same in either event. It will be observed that the trial court, after the overruling of the motion for new trial, entered a new judgment without vacating the former judgment.
 

 We have therefore reached the conclusion that the first judgment, entered within the three-day period, when a judgment could not have been entered upon the verdict of a jury, was ineffective to start the running of the limitation.
 

 The judgment of the Court of Appeals will therefore be reversed, and the cause will be remanded to the Court of Appeals for further proceedings.
 

 Judgment reversed and ccmse remanded.
 

 Jones, Matthias, Day, Allen, Kjnkade and Robinson, JJ., concur.