KLEIN, RECR., *v.* REALTY BOARD INVESTORS, INC., ET AL.

(Decided January 22, 1934.)

*Messrs. Bulkley, Hauxhurst, Inglis & Sharp, Mr. John H. Orgill* and *Mr. Suggs Garber,* for plaintiff in error.

*Messrs. Thompson, Hine & Flory, Mr. C. W. Sellers, Messrs. Garfield, Cross, McGregor, Daoust & Baldwin, Messrs. Tolles, Hogsett & Ginn, Mr. Marvin Bower, Mr. Ben B. Goldman* and *Messrs. Turney & Sipe,* for defendants in error.

RICHARDS, J.   Joseph J. Klein, Receiver, commenced an action in the Court of Common Pleas to recover a large amount from some 300 defendants, who, it was claimed, were liable for amounts unpaid on subscriptions to stock, the original commitments for which amounted to about $800,000.   Some controversy has

arisen as to whether the cause of action is to recover unpaid amounts on stock, or to recover on a contract made for the benefit of a third party, The Realtors of Cleveland Company, now known as Realty Board Investors, Inc.

A jury was waived and the case tried upon the amended petition, and at the conclusion of the evidence on behalf of the plaintiff the court granted a motion of the defendants for a final judgment in their favor.

The case turns largely on the construction of identical or similar written contracts executed by the various defendants. By the terms of the contracts the defendants agreed to deposit with The Guardian Savings & Trust Company of Cleveland certain sums each month, the amounts deposited to be held and disbursed as provided by contract. The contracts have a provision that whenever the funds deposited aggregate $100, the trust company shall forthwith purchase from The Realtors of Cleveland Company one share of its capital stock at the price of $100, and cause a certificate therefor to be issued in the name of the signer, and that in the case the signer shall default for 30 days in making a deposit the unpaid balance shall become due and the bank be authorized to sell the shares so held at public or private sale. It appears further that an agreement was made between The Guardian Savings & Trust Company and the realty company whereby the latter company gave to the trust company the first refusal and exclusive option to purchase the stock. It will not be practicable to go into further details regarding the terms of the instruments signed by the defendants, and the record is too voluminous to permit a detailed discussion of the facts.

As we construe the instruments which were executed by the parties the bank intervened as a depositary between the signers and the realty company, and was acting for and on behalf of the signers as their agent, and had no more than an option to purchase the

stock which was set apart by the realty company. It exercised that option from time to time, and purchased and received on behalf of the signers certain stock. Ultimately, The Realty Board Investors, Inc., became insolvent and the signers of the contracts refused to make any further payments. It is the opinion of this court that under the terms of the contracts, and in view of the option held by the bank, the signers were not obligated to continue further payments after the insolvency of the realty company, and that if any liability at all existed against them it would be for damages resulting from such failure, a remedy which is named in the contracts. No evidence was introduced to show any such damage and this court is of the opinion that the trial court was right in rendering a judgment in favor of the defendants.

After the case was argued and submitted to this court, the court raised the question whether the case was properly in this court, under the holding of the Supreme Court in *Boedker* v. *Warren E. Richards Co.*, 124 Ohio St., 12, 176 N. E., 660. No motion to dismiss was made nor was any objection taken to the jurisdiction of the court by counsel for defendants. After the suggestion was made by the court counsel submitted briefs, and the question of jurisdiction has had the consideration of the court. The record discloses that at the opening of the trial the defendants made a motion for judgment on the pleadings and the opening statement of plaintiff's counsel. The trial court took that motion under advisement, and heard the plaintiff's evidence. When that evidence was concluded, the motion for judgment was renewed, as appears by the following entries:

"April 8, 1932—To Court: Motion for judgment for all defendants on pleadings and proof at conclusion of plaintiff's case is granted. Cross petitions are dismissed for want of service. It is therefore considered that said defendants go hence and recover of plaintiff

their costs herein, for all of which judgment is rendered. Exceptions noted and bond is fixed in the sum of $500.00.''

"April 14, 1932—To Court: On motion of plaintiff, case is re-opened and additional evidence offered and admitted to complete record pursuant to reservation made at close of plaintiff's case. Entry of April 8, 1932, is made as of and for April 14, 1932.''

"April 15, 1932—Motion by plaintiff for new trial filed.

"April 15, 1932—To Court: The motion for new trial is overruled. Exceptions.''

The petition in error was filed on May 5, 1932. It appears to the court that there are material distinctions between the *Boedker case, supra,* and the case at bar. In the former case the trial had been completed and a judgment rendered in favor of the plaintiff on the evidence. That judgment involved weighing the evidence, and in order to secure a review on the weight of the evidence it was necessary that a motion for a new trial be filed, and such motion was filed two days after the judgment. In the case at bar, judgment was rendered on motion of the defendants at the conclusion of the plaintiff's case, and there is no conflict in the evidence. The judgment was rendered, in effect, on a demurrer to the evidence. The court had only for determination a pure question of law, and in such case it is unnecessary to file a motion for new trial and the filing of the same was an immaterial matter.

*Inglish* v. *Industrial Commission,* 125 Ohio St., 494, 497, 182 N. E., 31, 83 A. L. R., 210; *Wells, Jr.,* v. *Wells,* 105 Ohio St., 471, 138 N. E., 71; *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 106, 114, 160 N. E., 629.

When a motion for judgment has been granted for the defendants, at the conclusion of the plaintiff's case, a final judgment may be rendered immediately in fa-

vor of the defendants, for the reason that the court has only a question of law to determine.

*Judgment affirmed.*

HAMILTON and ROSS, JJ., concur.

HAMILTON and ROSS, JJ., of the First Appellate District, and RICHARDS, J., of the Sixth Appellate District, sitting by designation in the Eighth Appellate District.