By the Court.
 

 The relators, appellants herein, instituted an original action in mandamus in the Court of Appeals of Butler county, Ohio, to compel certain of the appellees, as members of the County Board of Education of Butler county, and the appellee, E. L. Bowsher, as Director of Education of the state of Ohio, to transfer for school purposes certain territory from the Butler County School District to the Warren County School District, pursuant to a petition request
 
 *245
 
 ing such action signed by more than seventy-five per cent of the qualified electors residing in the part of Butler county affected.
 

 An answer was filed setting up several defenses. To such answer a general demurrer was interposed which, of course, searched the record and reached the first pleading defective in substance. 31 Ohio Jurisprudence, 781, Section 202.
 

 In the opinion rendered on such demurrer, the Court of Appeals said:
 

 “The relators have not brought themselves within the law [Section 4696, General Code], and, are, therefore, not entitled to the relief prayed for.
 

 “The demurrer will be sustained as to the petition, and the petition dismissed at the costs of the relators. ’ ’
 

 In arriving at the stated conclusion, the court relied on the case of
 
 State, ex rel. Hall,
 
 v.
 
 Miami County Board of Education,
 
 131 Ohio St., 506, 3 N. E. (2d), 421.
 

 As shown by the transcript of docket and journal entries, the demurrer was sustained and the petition dismissed on October 16, 1937. On October 19) 1937, an application for “a rehearing and new trial” was filed, addressed “To the Presiding Judge of the Court of Appeals,” which application was denied on November 10, 1937. Notice of appeal to the Supreme Court was filed on the date last mentioned, and an appeal bond in the sum of $500 given on November 17, 1937.
 

 The appellees have filed a motion in this court to dismiss the appeal on the ground that the court does not have jurisdiction of the cause by reason of the fact that the notice of appeal was not filed within the time prescribed by Section 12223-7, General Code. That section recites in part:
 

 “The period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows:
 

 
 *246
 
 “1. In appeals to the Supreme Court * * * within twenty (20) days.
 

 “Provided, that, when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time for perfecting the appeal shall not begin to run until the entry of the order overruling * * * the motion for new trial.’’
 

 The question for determination is, then, whether the time for perfecting an appeal to this court began to run from October 16, 1937, the date on which the entry was filed sustaining the demurrer as to the petition, or whether the twenty days allowed began to run from November 10, 1937, on which date the application for rehearing and a new trial was denied.
 

 In deciding this question, the controlling consideration is whether a motion for a new trial was proper, authorized or effective in the circumstances.
 

 A new trial involves a reexamination of an
 
 issue of fact
 
 in the same court after trial. In the present case, on a demurrer which challenged merely the legal sufficiency of the pleadings, the Court of Appeals held that the petition presented a situation wherein the action demanded of the Board of Education of Butler county and the State Director of Education could not be accomplished under the law. There was no trial on any issue of fact which would make a motion for a new trial the necessary or proper procedure. Appellants’ application of October 19, 1937, amounted to nothing more than a request for a rehearing under Bule XI of the Buies of Practice of the Courts of Appeals of Ohio.
 

 Our conclusion is that the principle announced in the cases of
 
 Craig
 
 v.
 
 Welply,
 
 104 Ohio St., 312, 136 N. E., 143, and
 
 Wells, Jr.,
 
 v.
 
 Wells,
 
 105 Ohio St., 471, 138 N. E., 71, is governing here. The application for rehearing and a new trial did not delay the operative effect of the judgment entry dismissing the petition, filed October 16, 1937.
 

 
 *247
 
 It was incumbent upon the appellants to file their notice of appeal within twenty days from the entry of October 16, 1937, and, having failed to meet the terms of the statute in such respect, this court is without jurisdiction to entertain the appeal.
 

 The motion to dismiss the appeal will therefore be sustained.
 

 Appeal dismissed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.