THE FIRST NATIONAL BANK OF CANTON, OHIO, APPEL-
LANT, *v.* THE KITTOE BOILER & TANK CO. ET AL;
HOOVER ET AL., APPELLEES.

(Decided January 24, 1939.)

*Messrs. Lynch, Day, Pontius & Lynch* and *Mr. James K. Lynch,* for appellant.
*Messrs. Hart, McHenry & Jones,* for appellees.

MONTGOMERY, P. J.   There was presented to the court a motion to dismiss the appeal on the ground that the same was not perfected within the time required by statute.   The record shows and is unquestioned that the notice of appeal was filed within twenty days from the date of the overruling of the motion for new trial, but not within twenty days from the date of the entry of the decree of the lower court determining the rights of the parties now before this court.   We are confronted with the unsatisfactory and undesirable task of construing the latest decision of the Supreme Court of Ohio made on this proposition.

Section 12223-7, General Code, would upon its face seem to settle this matter and render the overruling of the motion imperative, but such cannot be our conclusion in view of what we conceive to be the holding of the Supreme Court on a similar proposition.

In the case of *State, ex rel. Longman,* v. *Welsh,* 133

Ohio St., 244, 13 N. E. (2d), 119, the court on page 246, discussing the matter, would seem to indicate that the propriety of a motion for new trial depends upon the necessity for the trial court reexamining an issue of fact. And, of course, as shown by the *Longman case,* where the decision was upon a demurrer, there could have been and was no issue of fact presented. After this discussion the Supreme Court in the *Longman case* says:

"Our conclusion is that the principle announced in the cases of *Craig* v. *Welply,* 104 Ohio St., 312, 136 N. E., 143, and *Wells, Jr.,* v. *Wells,* 105 Ohio St., 471, 138 N. E., 71, is governing here. The application for rehearing and a new trial did not delay the operative effect of the judgment entry dismissing the petition, filed October 16, 1937.

"It was incumbent upon the appellants to file their notice of appeal within twenty days from the entry of October 16, 1937, and, having failed to meet the terms of the statute in such respect, this court is without jurisdiction to entertain the appeal.

"The motion to dismiss the appeal will therefore be sustained."

It would seem to us that the decision of the Supreme Court lies not in the course of its discussion of what should control, but lies in what it terms "our conclusion," which is hereinbefore set forth.

If, therefore, the cases of *Craig* v. *Welply* and *Wells, Jr.,* v. *Wells, supra,* are governing, then it seems to us there can be no question about the conclusion which we must reach in the instant case.

The *Craig* v. *Welply case* was one to set aside a deed of conveyance and a transfer of stock. The case of *Wells, Jr.,* v. *Wells* was a divorce action. The one was equitable in its nature and the other was statutory. In each instance the court held in effect that the motion for new trial would not prevent the entry of a judgment.

The right claimed by the appellees in the case now before us was that of subrogation, clearly an equitable right. The trial court based its conclusion on the proposition that the appellees were entitled to the subrogation claimed. Counsel for appellant conceded that the principle involved was subrogation. The parallel between it and the case of *Craig* v. *Welply* is therefore apparent.

The motion to dismiss the appeal therefore is sustained.

*Appeal dismissed.*

Sherick and Lemert, JJ., concur.