THE STATE, EX. REL. SQUIRE, SUPT. OF BANKS, APPEL-
LANT, *v.* WINCH ET AL., APPELLEES.

(Decided October 10, 1939.)

*Mr. Thomas J. Herbert,* attorney general, and *Mr. Fred E. Renkert,* for appellant.
*Mr. Carl M. Myers,* for appellees.

DOYLE, J.   There is presented the following motion: "Now comes the appellee Jennie B. Winch and moves the court for an order dismissing the appeal in the above-entitled cause for lack of jurisdiction of the subject-matter, because said appeal was not perfected within the period allowed by law."

The action in the Court of Common Pleas was one equitable in nature, brought on behalf of the Superintendent of Banks to set aside a conveyance of real estate.   It was charged that the conveyance was made with intent to hinder and defraud the liquidation of the First-Central Trust Company.   After a full hear-

ing the court determined the issues in favor of the defendants, and on February 13, 1939, a written finding on the issues was made by the court, but was not spread upon the journal. On February 25, 1939, a judgment entry was recorded which adjudged the issues in favor of the defendants and dismissed the petition. On February 28, 1939, the plaintiff filed a motion for a new trial, and by a journal entry recorded on March 21, 1939, the motion was overruled and the judgment reentered. On the same date (March 21, 1939), the plaintiff filed the notice of appeal herein, said appeal being on questions of law and fact.

The question dispositive of the motion is the date from which the time limitation for the perfecting of the appeal commenced. If the period commenced on February 25 (the date of the first judgment entry), the motion must be sustained. If it commenced on March 21 (the date of the overruling of the motion for a new trial), the motion must be overruled.

The filing of the motion for a new trial within three days of the recording of the decree by the trial court was not only a proper but a necessary procedure, in an attempt to secure a reexamination of issues of fact after conclusion of the trial in chancery, and the entry of the judgment. In this respect the instant case must be distinguished from *State, ex rel. Longman, v. Welsh,* 133 Ohio St., 244, 13 N. E. (2d), 119, wherein it was determined that the filing of a motion for a new trial following a judgment which sustained a demurrer was neither *necessary nor proper,* because there had been no trial upon any *issue of fact.*

Our determination of the controversy must of necessity be governed by Section 12223-7, General Code (117 Ohio Laws, 615), a part of the new Appellate Procedure Act. It provides in part:

"The period of time after the entry of the order, judgment, decree, or other matter for review within

which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"1. In appeals to the Supreme Court, to Courts of Appeals, or from Municipal Courts and from Probate Courts to Courts of Common Pleas, within twenty (20) days:

"Provided, that, when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial."

It is urged that, while the Legislature used the words "order, judgment, decree, or other matter for review" in the first part of the section, meaning thereby to include both cases at law and in equity, nevertheless, when it provided for the exception after the filing of a proper motion for a new trial, its use of the words "verdict or decision" were meant to apply to cases at law only. If this contention is correct, the rule announced in *Craig* v. *Welply,* 104 Ohio St., 312, 136 N. E., 143, and *Wells* v. *Wells,* 105 Ohio St., 471, 138 N. E., 71, applies, and the present appeal must be dismissed. If the words "verdict or decision" were meant to include cases both at law and in equity, then the appeal is properly perfected.

The word "decision" has been given various meanings. It has been held to embrace the last act of the court—the judgment—whether it be in a case at law or an action in equity, where issues of fact are determined. It has also been held to be used to describe merely judicial determinations or opinions.

In determining the meaning of the Legislature in using the word "decision" in the third paragraph of Section 12223-7, General Code, we take into consideration the recognized distinction between a case at law and an action in equity, in relation to review or appeal proceedings, as settled by the courts before the

adoption of the new Appellate Procedure Act, and the fact that in the first paragraph of the section language all-embracive, including "order, judgment, decree, or other matter for review" was used.

We also take into consideration Section 11575, General Code, which describes a new trial as "a reexamination, in the same court, of an issue of fact, after * * * a decision by the court."

Reference is further made to *Industrial Commission* v. *Musselli,* 102 Ohio St., 10, 130 N. E., 32, wherein the Supreme Court determined that the term "decision" found in Section 11578, General Code, is used in that section in the sense of judgment.

Considering all these things and the apparent object and purpose of the Legislature in enacting the new Appellate Procedure Act, which was to simplify the procedure, we are of the opinion that the words in the third paragraph of Section 12223-7, General Code, were meant to include cases in which motions for new trials were *properly* filed following verdicts by juries, findings or judgments of courts in law cases where juries were waived, and final judgments or decrees in equity.

The many reported decisions of reviewing courts in Ohio which treat of this question of adjective law are bottomed upon the statute before its amendment in the new Appellate Procedure Act. The old section provided:

"No proceedings to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of * * *."

And by virtue of that Code provision the Supreme Court held in the second paragraph of the syllabus of *Craig* v. *Welply, supra:*

"2. The limitation of time * * * within which pro-

ceedings to reverse, vacate or modify a judgment shall be commenced, begins to run from the date of the judgment sought to be reversed and not from the overruling of a motion for a new trial in the cause."

That case was one in equity.

Again, in *Wells* v. *Wells, supra,* a statutory action for divorce and circumscribed by the same statute, the Supreme Court held in the third paragraph of the syllabus:

"3. A motion for a new trial affects the time when the limitation begins to run only in those cases where the motion for a new trial prevents the entry of a judgment."

In both of those cases the court held that the time limitation commenced from the date of the original judgment entry. Consistent with the rulings therein the same court held in *State, ex rel. Longman,* v. *Welsh, supra* (decided after the amendment to the statute), that if an improper and unnecessary motion. for a new trial is filed following a judgment, it must be treated as a nullity, and that in such event the time limitation starts from the date of the original judgment.

While it is true that the old Section 12270, General Code, upon which the cases of *Craig* v. *Welply, supra,* and *Wells* v. *Wells, supra,* were predicated, dealt with proceedings in error, the new Appellate Procedure Act (Section 12223-1 *et seq.,* General Code) has supplanted the old error proceedings and the old appeals, and has set up a new method of procedure for all cases whereby one court reviews or retries a cause determined by "another court, an administrative officer, tribunal or commission." The same procedure applies to cases either at law or in equity, and the exception in the amended statute as it now exists, no longer permits the old rulings to govern in cases where a motion for a new trial is *properly* filed (that is, where issues

of fact are determined), either in cases at law or in equity.

The motion to dismiss is overruled.

*Motion overruled.*

WASHBURN, P. J., and STEVENS, J., concur.