TORTO, ADMX., APPELLANT, *v.* THE NEW YORK CENTRAL RD. CO., APPELLEE.

(No. 3659—Decided December 26, 1939.)

*Mr. J. W. Starritt,* for appellant.

*Messrs. Doyle & Lewis* and *Mr. D. L. Sears,* for appellee.

CARPENTER, J.   The only matter now before this court is a motion to dismiss the appeal for the reason that the notice of appeal was not filed "within the time allowed by law."

From the record it appears that the cause, one for damages, had an unusual procedural history. A trial

to a jury was had. At the close of all of the evidence, defendant's motion for a directed verdict was overruled, the jury was charged and it deliberated, but, being unable to agree, it was discharged September 15, 1939. September 16th, the court, of its own motion, entered the following order:

"Coming now to pass on defendant's motion, made at the close of the evidence, the court does now what it should have done before, and dismisses the petition of plaintiff. Exceptions. See entry."

That day the plaintiff filed a motion for a new trial.

On September 19th the court caused a journal entry to be filed granting the motion to direct a verdict, entered judgment for defendant and dismissed the petition at plaintiff's cost. The next day plaintiff filed another motion for a new trial.

On November 8th, the court overruled both motions for a new trial and, without vacating the judgment of September 19th, again entered judgment for the defendant and dismissed plaintiff's petition at her cost.

On November 8, 1939, plaintiff filed a notice of appeal on questions of law from the orders and judgments entered September 16th and 19th and November 8th.

The time of perfecting an appeal is fixed by Section 12223-7, General Code, as twenty days "after the order, judgment * * *." That section concludes:

"Provided, that, when a motion for new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial."

The sole question is: Was a motion for a new trial "duly filed"? If it was, the twenty-day period began to run from November 8th; if not, from September

19th, and the "appeal was not perfected within the time allowed by law" and must be dismissed.

"A new trial is a reexamination, in the same court, of an *issue of fact*, after a verdict by a jury, * * * or a decision by the court." Section 11575, General Code. (Italics ours.) Application for it must be made by written motion (Section 11579, General Code), and, with some exceptions "within three days after the verdict or decision is rendered." Section 11578, General Code. "When a *trial by jury* has been had," judgment is entered by the clerk "after the time for the filing of a motion for a new trial" and if one is filed, not until it is overruled. Section 11599, General Code. (Italics ours.)

There was a "trial by jury" of "an issue of fact." The court did no more by its order of September 16th and the entry of the 19th, than either direct a verdict for the defendant, or arrest the evidence from the jury and enter final judgment for the defendant, and the statutes relating to verdicts apply. *Boedker* v. *Warren E. Richards Co.*, 124 Ohio St., 12, 176 N. E., 660.

In *Weaver* v. *Columbus, Shawnee & Hocking Valley Ry. Co.*, 55 Ohio St., 491, 45 N. E., 717, the trial court had arrested the evidence and forthwith entered judgment for defendant. The Supreme Court said, after stating that some rulings do not require a motion for a new trial to bring them into the record:

"Where, however, the party excepting chooses to avail himself of the right granted by Sections 5305, 5307 and 5308, Revised Statutes [now Sections 11575, 11576, 11578 and 11579, General Code], to include the ground of error in a motion for a new trial, he resubmits the question, and the error should be regarded as arising out of the action of the court in overruling the motion for a new trial.

"This construction of the sections of the statute

is necessary, or the party excepting in many instances will be debarred from the exercise of the valuable privilege by the provisions of Sections 5305, 5307 and 5308, Revised Statutes, of a rehearing of the question in the trial court under circumstances more favorable to its deliberate consideration than attended the first investigation.''

This case was followed by a predecessor of this court in *Rafferty* v. *Toledo Traction Co.,* 19 C. C., 288, 10 C. D., 347; affirmed 64 Ohio St., 607, 61 N. E., 1147. And another predecessor group of judges, also following the *Weaver case, supra,* said a motion for a new trial is necessary for a losing plaintiff to have such a judgment reviewed. *Chapek* v. *Lakewood,* 11 Ohio App., 203 (opinion by Judge Richards).

Defendant cites *State, ex rel. Longman,* v. *Welsh,* 133 Ohio St., 244, 13 N. E. (2d), 119, in support of its contention that the motion for a new trial was not ''duly filed.'' There the judgment was the sustaining of a demurrer to the petition and the dismissal of the petition. As pointed out by that court, this did not involve an ''issue of fact'' nor was there a ''trial by jury.'' The latter distinction also extends to the other cited cases: *Craig* v. *Welply,* 104 Ohio St., 312, 136 N. E., 143, an equity case, and *Wells* v. *Wells,* 105 Ohio St., 471, 138 N. E., 71, a divorce case.

It is clearly pointed out in *State, ex rel. Squire, Supt.,* v. *Winch,* 62 Ohio App., 161, 165, 23 N. E. (2d), 642, that the Appellate Procedure Act, particularly Section 12223-7, General Code, ''has supplanted the old error proceedings and the old appeals, and has set up a new method of procedure for all cases'' and a new time is fixed in which appeals are to be perfected, which dates, not from the order or judgment from which the appeal is taken, but from the overruling of a motion for new trial ''duly filed.''

Reason and authority require the overruling of the motion to dismiss this appeal.

*Motion overruled.*

OVERMYER and LLOYD, JJ., concur.