THE LIBERAL SAVINGS & LOAN CO., APPELLEE, *v.*
THE FRANKEL REALTY CO. ET AL., APPELLANTS, ET AL.

(Decided February 5, 1940.)

*Mr. William R. Collins,* for appellee, The Liberal Savings & Loan Company.

*Mr. Gilbert Bettman* and *Mr. Fred Weiland,* for appellant, The Frankel Realty Company.

*Mr. August A. Rendigs, Jr.,* and *Mr. Herbert E. Ritchie,* for appellees, Christiana L. Rendigs and others.

MATTHEWS, J. The plaintiff was a sublessee of the

defendant, The Frankel Realty Company, of certain real estate. The other defendants are the owners of the reversion in fee simple. The plaintiff is still in possession of the premises, either by virtue of the sublease or by reason of holding over after its termination. This sublease is in writing. The plaintiff being doubtful of its rights in the premises filed this action in the Common Pleas Court for a declaratory judgment. The Frankel Realty Company filed a cross-petition for unpaid rent on the theory that the plaintiff was still holding under the terms of the sublease.

On July 10, 1939, the Court of Common Pleas made an entry on its journal declaring the sublease had terminated; that The Frankel Realty Company was not entitled to recover anything on account of rent and dismissed its cross-petition on the ground that in this action only rights should be declared, and no other affirmative relief granted.

On July 12, and July 13, 1939, motions for a new trial were filed by the defendants. No action has ever been taken by the court on these motions.

On July 28, 1939, the defendants filed a notice of appeal on questions of law and fact.

The action now comes before this court on the motion of the plaintiff to dismiss the appeal on the ground that it is premature, that no final order has been made by the trial court, and, therefore, this court has no jurisdiction to entertain the appeal and inquire into the merits of the controversy.

As these motions were filed within three days after the decision, which they seek to have the trial court set aside, so that it may reexamine the issues determined thereby, it is manifest that regardless of whether the action was one at law or equity, filing them suspended the finality of the decision and continued the jurisdiction of the court over the subject-matter, unless the filing was a mere nullity. Whether the operation of

the judgment was suspended is another question, and, as we believe, beside the point in this case.

Prior to the enactment of the Appellate Procedure Act, effective January 1, 1936, the courts indulged in a great deal of abstruse reasoning on the distinction between law and equity, for the purpose of determining whether a motion for a new trial was authorized or necessary under the statutes applicable then, in order to obtain a reexamination of errors based on findings of fact. If the action was at law, a motion was held to be necessary, and if the action was in chancery it was unnecessary, although if the litigant desired to prosecute error in the chancery case, rather than appeal, as he was privileged to do, it would seem that a motion for a new trial would be necessary if the errors complained of were predicated upon findings of fact based on conflicting evidence. But if the action was at law, no final judgment could be entered within three days of a verdict or decision, within which a motion for a new trial might be filed. Time for an appeal proceeding, therefore, did not commence to run, notwithstanding the court had entered what purported to be a judgment after a trial without the intervention of a jury. *Boedker* v. *Richards Co.*, 124 Ohio St., 12, 176 N. E., 660. This resulted in constant confusion and served as a trap in which even the most astute were sometimes caught.

It was the purpose of Section 12223-7, General Code, which is part of the Appellate Procedure Act, to enact a simple rule applicable in all cases, so as to remove this reproach from the procedural law of Ohio.

By applying the same rules of interpretation that were applied to the former statutes, and disregarding the statutory changes, it would be entirely possible to restore the same maze that previously existed and thereby frustrate the beneficient purpose of the Legis-

lature. There would be no wisdom or sound policy in so doing and there is no necessity.

Speaking with deference in the presence of the many conflicting interpretations of this section, it is, nevertheless, our opinion that it is so clear that it needs no interpretation.

Section 12223-7 (117 Ohio Laws, 615), General Code, provides that:

"The period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"1. In appeals to the Supreme Court, to Courts of Appeals, or from Municipal Courts and from Probate Courts to Courts of Common Pleas, within twenty (20) days.

"Provided, that, when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial.

"2. In all other appeals, within ten (10) days.

"3. In case of insanity or death of a party after judgment, the court shall have the power to extend the time for filing the appeal, an additional twenty (20) days."

Freed from preconceptions based on prior statutes the mind finds nothing ambiguous or indefinite in this language. To engage in a detailed analysis of it certainly would not remove any ambiguity or uncertainty because none exists, and might leave the impression that a situation existed requiring such analysis.

The purpose of the Appellate Procedure Act was to abolish, as far as possible, all procedural distinction between law and chancery. There is nothing in the language of this section that suggests that there was an intent to depart from this purpose in determining the time within which an appeal could be taken. Its

language is that, whenever a motion for a new trial is filed within three days of the verdict or decision, time does not begin to run until the motion is overruled. It does not suggest that in some cases this shall be true and in others not true. It suggests no exception. It embraces the only two types of trial known to our law, those in which a verdict is rendered by a jury, and those in which the issues of fact as well as law are submitted to the court for its decision, without a jury. And whether the one or the other method is employed, if a motion for a new trial is filed within three days, time shall be computed from the order overruling such motion.

Without departing from our conclusion that any analysis would not clarify and might obscure the clearly expressed intention of the Legislature, we observe that to hold that the filing of a motion for a new trial tolled the running of the time for appeal only in actions at law would render it meaningless, as under the rule in *Boedker* v. *Richards Co., supra,* no judgment or final order is or can be rendered until the motion for a new trial has been passed upon. And to hold that in a chancery case time continued to run notwithstanding the pendency of a motion for a new trial, duly filed, limits the trial court in reexamining its decision, which it has been asked to do by the filing of the motion.

No complications of any sort occur to us if the plain meaning of the language is followed.

It is urged that as a motion for a new trial does not suspend the operation of a judgment, it would be inequitable to impose upon the defeated litigant the burden of such judgment while the motion for a new trial is pending. The litigant could consider this before deciding whether to appeal immediately or prolong the running of the time by filing his motion for a new trial.

And, if the motion is filed without due consideration, it is his privilege to withdraw it.

An appeal on law and fact transfers the identical case in its entirety to the appellate court. It terminates the jurisdiction of the trial court. The judgment rendered in the trial court is thereby suspended and the appellant secures a reexamination of the issues of fact in the appellate court as fully as he would have obtained had the case remained in the trial court and his motion for a new trial been granted. The filing of the notice of appeal should, therefore, be considered as his election to seek in the appellate court such reexamination and as a waiver or withdrawal *eo instante* of the motion for a new trial.

The facts in the case of *State, ex rel. Longman,* v. *Welsh,* 133 Ohio St., 244, 13 N. E. (2d), 119, are so dissimilar that we do not consider it controlling. There was in fact no trial and no motion for a new trial in that case.

In *State, ex rel. Squire, Supt. of Banks,* v. *Winch,* 62 Ohio App., 161, 23 N. E. (2d), 642, the Court of Appeals of Summit county reached the same conclusion as to the meaning of this statute as we have reached. In *First National Bank of Canton* v. *Kittoe Boiler & Tank Co.,* 62 Ohio App., 411, 24 N. E. (2d), 458, the Court of Appeals of Stark county reached a contrary conclusion—however, with considerable reluctance.

When a notice of appeal is filed within 20 days after the making of the entry referred to in the notice, the inquiry should always be limited to whether the order is operative as a judgment. If it is, the notice confers jurisdiction upon this court to review it. If the final order or judgment is in a chancery case, it continues to operate notwithstanding the filing of a motion for a new trial, and is an appealable order.

If the entry is made after a trial to the court without a jury, in an action at law, it is not a final order or

judgment, notwithstanding it may, in terms, purport to be such. It is only a finding of facts and the equivalent of a verdict. No execution could be issued on it. It is not an order of any sort and, of course, not a final order or judgment from which an appeal could be taken to this court. A motion to set aside such finding of facts and for a new trial filed within three days would prevent the entering of a judgment upon the finding until the motion was overruled, and, of course, no appeal could be taken until the motion has been overruled and the judgment entered. Time for appeal would be computed from that date.

The nature of an action for a declaratory judgment, whether at law or in chancery, is determined by the relief to which the plaintiff would be entitled. If it is legal in its nature, it is an action at law. If it is equitable in its nature, it is a suit in chancery. *Dillon* v. *Gaker,* 57 Ohio App., 90, 12 N. E. (2d), 150.

In the case at bar the plaintiff seeks a construction of a written lease and a determination of its rights in certain premises. In the usual action, this would be preliminary to a decree canceling the lease, quieting the title of the plaintiff against any claims thereunder, and an injunction against the lessor restraining it from interfering with the plaintiff's possession. This is clearly equitable in its nature. The entry, therefore, is a journalization of a final order or judgment, and is appealable to this court.

Our conclusion is that this appeal was taken within the statutory time, and the motion to dismiss is, therefore, overruled.

*Motion to dismiss overruled.*

Ross, J., concurs.

HAMILTON, P. J., dissenting. I am of opinion that the appeal is premature. In other words, the decree or judgment does not have the finality necessary to support the appeal.

The motion for a new trial was properly and duly filed, and was not withdrawn or passed upon by the trial court. It was still pending at the time the appeal in question was filed. This presented a situation which prevented the decree from having the effective finality necessary to give the right to appeal therefrom. The trial court might set aside its finding in passing on the motion, which would leave no decree or judgment from which to appeal.

The majority opinion would indicate that the filing of the appeal shows an abandonment or waiver by the appellant of his motion for a new trial, and, therefore, the motion would be no obstacle. This seems to me to be deciding that at the time of the appeal the decree was not final, but the appeal, from a judgment not final, is made final by ridding the proceedings of the motion for a new trial, and is retroactive in a way to sustain the appealability thereof.

Section 12223-7, General Code, provides that "when a motion for a new trial is duly filed * * * the time of perfecting the appeal shall not begin to run until the entry of the order overruling [or sustaining] the motion for new trial."

While the statute does not say in terms that the judgment or decree is suspended pending the motion for a new trial, the reasonable interpretation is that the judgment or decree does not become final until the entry ruling on the motion is entered.

The motion to dismiss the appeal should be sustained.