## CRAMER v CRAMER

Ohio Appeals, 1st Dist, Butler Co

No 758.   Decided Nov 4, 1938

Foster Brate, Hamilton, for appellant.
John P. Rogers, Hamilton, for appellees.

## OPINION

By ROSS, PJ.

This was an action for money only filed in the Court of Common Pleas of Butler County. The case was tried to the court without a jury. On July 25th, 1938, the court entered its judgment in favor of the plaintiff against Owen Cramer and dismissed the other two defendants. On the same day a motion for a new trial was filed and on the same day overruled. No judgment or final order was ·made in the entry overruling the motion for new trial or thereafter. On the same day the plaintiff gave notice of appeal on law and fact from the judgment. No bond was given.

Motion to dismiss the appeal · has been made.

The motion must be granted. First, because there is no. final order for the court to review. **Boedker v Warren E. Richards Co., 124 Oh St 12.** Second, because the action considered is one at law. It is not a chancery case and not appealable on law and

fact. Third, no bond having been given, no appeal on law and fact was taken, effected. or perfected.

Sec 12223-6, GC, provides that no appeal on law and fact shall be effective as an appeal upon questions of law and fact unless and until a bond is given.

More definite, distinct, and unambiguous language could not have been used to announce the intention of the Legislature, that unless a bond was given, there was no appeal on law and fact.

This section further imposes a limitation upon the time for filing such bond identical with that of the notice of appeal.

Furthermore, the case aside from the absence of any final order cannot be considered as an appeal upon law ▆▆▆ alone, since it was admitted in open court that a bill of exceptions is necessary to develop the assignments of error upon which reliance is placed, and no bill of exceptions was filed in the Common Pleas Court within forty days from the overruling of the motion for new trial, as is required by §11564, GC.

The case cannot be remanded for a bill of exceptions under the provisions of §11564, GC, because no appeal on law and fact was taken. It is manifest that ▆▆▆ the bond is a jurisdictional requisite, first, because it is required, as previously noted, to make an appeal on law and fact effective, and, second, because in §12223-4, GC, it is stated that "no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional." It will be noted that the giving of the bond under the language used can not be a step subsequent as it is necessarily coincident with the perfecting of the appeal on law and fact. The remand for a bill of exceptions is predicated upon—is based entirely upon —the fact that an appeal on law and fact has been taken—perfected—effected.

The language of §12223-4, GC, that the appeal shall be deemed to be perfected when written notice of appeal shall be filed with the lower court, cannot be said to control all interpretation and construction of the entire Appellate Code in total disregard of every other section. The sections were enacted as one Code. They mus. be read and construed together. To say that the notice of appeal alone is jurisdictional in a law and fact case is to render the language of the other sections noted completely valueless and of no effect.

The language of §12223-4, GC, evidently applies to appeals on law only, and its effect is modified in appeals on law and fact by sections appropriate to such latter appeals.

This is a reasonable construction of the entire Code. To permit an appellant in such a case as this—manifestly one of law— to file merely a notice of appeal without a suggestion of a bond, and then after months have elapsed request the court for a remand for a bill is to put an iniquitous premium upon vexatious delay and to produce an injustice which the Code was designed to prevent.

For the reasons given, the motion to dismiss is granted.

HAMILTON, J, concurs.

MATTHEWS, J, concurs in separate opinion.

## CONCURRING OPINION

By MATTHEWS, J.

I concur in the dismissal of the appeal on the ground that no final order has been made by the Court of Common Pleas.

One clear ground for dismissal appearing, it was unnecessary to search for another. The court, however, has stated a second and third ground for the dismissal. In my opinion the facts stated as the second and third grounds are not such under the law. The effect of what the court says in relation to the second and third grounds for dismissal is that a notice of appeal in an action at law reciting that it is on both law and facts is a complete nullity unless accompanied by an appeal bond. This seems to me to be an unjustified construction of the statute, had no construction been placed upon the statute, but as a matter of fact the Supreme Court has construed it. We are bound by that construction. The cases are Loos v Wheeling & Lake Erie Ry. Co., 134 Oh St 321, and Bennett v Bennett, 134 Oh St 330. The syllabus in the former case is as follows:

"Whenever an appeal on questions of law and fact is filed in a case where an appeal on questions of law only should have been filed, and the appeal otherwise complies with the provisions of §§12223-4 and 12223- 5, GC, under the provisions of §12223-22 GC, 'the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law,' even though no bond was filed under the provisions of §12223-6, GC."

No syllabus was written of the opinion of the court in the latter case. I quote from the opinion of the court:

"The original action in the Common Pleas Court was not a 'chancery case' and therefore appeal to the Court of Appeals on questions of law and fact did not lie. Marleau v Marleau, 95 Oh St 162, 115 NE 1009, and Durham v Durham, 104 Oh St 7, 135 NE 280.

"Defendant, appellant in this court, contends that under §12223-22, GC, the appeal on questions of law and fact should not have been dismissed, but the appeal should have been heard upon questions of law; that under §12223-5, GC, the Court of Appeals should have permitted an amendment of the notice of appeal by striking therefrom the words 'and fact', and that under §11564, GC, it was the duty of the Court of Appeals to fix a time, not exceeding 30 days, for the preparation and settlement of a bill of exceptions when that court determined that the case could not be heard upon the facts and such bill of exceptions had not been filed."

* * *

Sec 11564, GC, as amended by the new Appellate Procedure Act, was intended to provide for the preparation of a bill of exceptions, in a situation such as is presented in this case, by requiring the Court of Appeals to fix the time, not exceeding 30 days, for the preparation and settlement of a bill of exceptions.

Under the circumstances in the instant case, the formal filing of a motion for leave to amend was not prerequisite to the exercise by the court of the duties enjoined by those sections.

The judgment of the Court of Appeals is reversed.