Marshall, C. J.
 

 The defendants seek to justify their refusal in an answer which contains allegations that the bonds had not been issued on July 23, 1925, and that on that date Section 5654-1, General Code, (111 0. L., 494), became effective, which law g’overned proceedings for the issue of bonds. The answer further sets forth the legal proposition that that enactment prohibits the issue of bonds by a board of education, or other political subdivision, for the construction or improvement of schoolhouses until a contract for such construction or improvement has been let. The answer further alleges that no contracts had been awarded on that date; that the amount of the contract cost had not been ascertained; and, further, that the amount of the bond issue was not based upon contract cost.
 

 It is quite certain that if Section 5654-1 applies to the resolution of June 8,1925, its provisions have not been complied with. If, on the other hand, that legislative enactment, which became effective July 23, 1925, does not apply to the resolution of the board of education, the answer does not state a good defense, and the demurrer to the answer should be sustained and the writ awarded.
 

 This court has recently decided the case of
 
 State ex rel. City of Toledo
 
 v.
 
 Weiler, ante,
 
 443, 149 N. E., 326, in which certain principles were declared which must be held to be conclusive of
 
 *485
 
 this case if Section 5654-1 must he interpreted by the rule declared in Section 26, General Code. It is insisted, however, that that rule of interpretation may not be applied, because Section 26 by its terms applies only to an amendment or repeal of an existing statute. It is insisted that the enactment of July 23, 1925, is neither an amendment nor a repeal of any existing legislation, but, on the contrary, is a new statute. By reference to 111 Ohio Laws, p. 494, we find that the title of the act states that it is intended to supplement Section 5654, General Code, by enacting supplementary Section 5654-1. The declaration of the Legislature in the title to the act that it is only supplementary legislation is by no means controlling, if the effect of the enactment is to change existing laws. A comparison of the enactment of July 23, 1925, with original Section 5654, and other laws relating to the procedure for the issuance and sale of bonds, shows clearly that by that enactment existing laws have been materially changed. That material changes have been made is the basis of this litigation. Except for the change in procedure this lawsuit would not have been necessary. Any change by whatever name it may be called amounts to an amendment. Steps which were not necessary before this enactment have become necessary by virtue of its provisions. We are therefore forced to the conclusion that Section 26, General Code, does have application, and that this enactment of July 23,1925, when interpreted by the rule declared in Section 26, can have no application to the bonds approved by the people in 1919, the issuance of which was provided for by resolution of the board
 
 *486
 
 of education, on June 8, 1925, To hold otherwise would give to the supplementary legislation the tragic effect of invalidating the previous action of governmental agencies taken pursuant to laws then in force.
 

 In argument counsel have referred to Section 9660, General Code, which section requires that no obligation shall be made or assumed by any political subdivision, unless the money required to meet such obligation is in the treasury, or in the process of collection, to the credit of the appropriate fund. It is contended that ¡Section 5654-1 must be construed in conjunction with that section, and with this argument we are in full accord. The argument can have no application, however, to the instant case, unless Section 5654-1 applies to and controls the relator in the issuance of these bonds. Having found that Section 26, General Code, applies as a rule of interpretation, and there being-no contract or other obligation for the expenditure of public funds involved in this controversy, this cause can be disposed of without regard to the provisions of Section 5660, General Code.
 

 For the foregoing reasons the demurrer to the answer of the defendants must be sustained. Assuming that defendants will not desire to further plead, the peremptory writ of mandamus must be awarded.
 

 Writ allowed.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Robinson, J., not participating.