### WILLIAMS v BRAUN et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3228. Decided April 29, 1940.

Wendell H. Lilly, Columbus, for plaintiff-appellant.

Bougher & Kahle, Columbus, for defendants-appellees.

William K. Williams, Columbus, for the Ohio State Federal Savings & Loan Association.

## OPINION

**BY THE COURT:**

The above entitled cause is now being determined on two motions as follows:

First, appellees' motion to dismiss the appeal on the grounds that the judgment appealed from was the overruling of a motion for new trial in which order the Court modified its former judgment in favor of appellants.

Second, appellants' motion to amend the notice of appeal so as to include an earlier judgment.

Both motions may be considered together. Plaintiff-appellants' action was one to quiet title. After hearing, the trial court denied plaintiff's petition and made certain orders affirmatively asked for by some of the defendants in their cross-petition.

The judgment entry of the Court is very lengthy, comprising some 10½ pages of closely written typewritten matter. It partakes of the nature of an opinion of the Court, but is appropriately designated as "Entry". This judgment was filed and journalized on August 24, 1939. Within three days plaintiff filed motion for new trial, and on January 25, 1940, the same was overruled. As heretofore stated, the entry overruling motion contained some modifications of the entry of August 24, but these modifications had no relation to the relief sought by plaintiff-appellant and were in no sense detrimental to appellant.

Plaintiff's notice of appeal was from the judgment of January 25, 1940. The notice of appeal should have been from the judgment of August 24, 1939. It is evident that counsel for appellant misinterpreted §12223-7 of the new Procedural Act. Among other things, this section contains the following:

"Provided, that, when a notice for new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling the motion for new trial."

The effect of this part of the section is to toll the time for filing notice of appeal, but the notice should be directed to the original appealable judgment. It has been repeatedly held that overruling or sustaining motion for new trial is not a final order.

There is a statutory provision providing that in jury actions final judgment may not be entered until after the expiration of the time for filing motion for new trial or the overruling of same when duly filed. In the instant case the action was equitable, and, hence, the judgment could properly be filed and journalized immediately following the decision. It is obvious that the notice of appeal was not directed to the final judgment and, hence, not filed in time, and a motion to dismiss must be sustained unless appellant may be accorded the right to amend.

The fact that the Court modified its earlier judgment in the entry overruling demurrer will not avail appellant, for the reason as heretofore stated that such modification was not in any sense responsive to the relief sought by plaintiff; moreover, the modification was favorable to plaintiff.

We now take up appellants' application for amendment. §12223-5 **GC,** among other things, contains the following:

"The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown."

Our court has had this section called to our attention in other cases, and in several instances have permitted amendments.

However, we have committed ourselves to the rule that where the appellant in his notice of appeal identifies the judgment by date or other description we will not indulge the presumption that he intended to appeal from a judgment of a different date. We refer to, without quoting from, the following cases heretofore decided in our court: **Mahaffey v Stine, 28 Abs 361; Anderson v Local Union No. 413, 29 Abs 364; Cultice v DeMaro Realty Co. 29 Abs 566.** The principles announced in the cited cases apply in the instant case.

It is evident that appellant desires to have reviewed the judgment of August 24. The notice of appeal specifically identifies the judgment of January 25th as the order appealed from. To be consistent with our previous holdings we must overrule the motion to amend.

The notice of appeal will be dismissed. Exceptions will be allowed. Costs will follow the order of dismissal.

HORNBECK, PJ., BARNES, J., concur; GEIGER, J., not participating.