Weygandt, C. J.
 

 The question here presented involves the provisions of Section 12223-7, General Code, which read in part as follows:
 

 “The period of time after the entry of the order, judgment, decree, or other matter for review within
 
 *481
 
 which the appeal shall he perfected, unless otherwise provided by law, is as f ollows:
 

 “1. In appeals to the Supreme Court, to Courts of Appeals, or from Municipal Courts and from Probate Courts to Courts of Common Pleas, within twenty (20) days.
 

 “Provided, that, when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial. * * *”
 

 Thus it is expressly required not only that a motion for a new trial be filed within three days but also that it be “duly” filed. Was the plaintiff’s motion for a new trial “duly” filed in conformity with this statute?
 

 Section 11575, General Code, defines the term “new trial” in the following language:
 

 “A new trial is a reexamination, in the same court, of an issue of fact, after a verdict by a jury, a report of a referee or master, or a decision by the court.”
 

 A trial is a judicial examination of whatever legal and factual issues may be involved in a controversy. In this case the allegations and denials- of the petition, answer and reply show a sharp conflict between the plaintiff and the defendants as to the facts. These issues were examined by hearing the evidence. At the conclusion of the trial the court arrested the evidence from the consideration of the jury and rendered a judgment for the defendants on the theory that as a matter of law the plaintiff is not entitled to recover from the defendants upon the evidence in the record. However, the plaintiff asks a reexamination of the facts as well as the law, and one of her assignments of error involves the admission and exclusion of evidence. In other words, one reason she wants the facts reexamined is that in her opinion they are not correctly portrayed by the present record. A motion for
 
 *482
 
 a new trial is duly filed only when, if granted, it would' result in a reexamination of the issues of fact presented by the pleadings. Under the circumstances before us it is apparent that the motion for a new trial was “duly” filed. Therefore, under the provisions of Section 12223-7, General Code, the time for perfecting her appeal did not begin to run until the entry of the order overruling the motion for a new trial on February 14, 1939, and the Court of Appeals was in error in its dismissal of her appeal. The defendants insist that this matter is controlled by the decision of this court in the case of
 
 State, ex rel. Longman,
 
 v.
 
 Welsh,
 
 133 Ohio St., 244, 13 N. E. (2d), 119, in which a motion for a new trial was held ineffective after the sustaining of a demurrer challenging the legal sufficiency of the petition. However, this view disregards the distinguishing feature that in the
 
 Welsh case, supra,
 
 there concededly was no trial on any issue of fact whatsoever. The demurrer of course presented a question of law alone.
 

 In the instant case the judgment of the Court of Appeals must be reversed and the cause remanded to that court for consideration of the substantive questions presented.
 

 The remaining two cases of
 
 State, ex rel. Squire, Supt.,
 
 v.
 
 Winch et al.,
 
 and
 
 Baker et al.
 
 v.
 
 Frazier et al.,
 
 involve the same question as the previously discussed case of
 
 Cullen
 
 v.
 
 Schmit et al.,
 
 except that they are cases in chancery.
 

 The answer to this additional problem is likewise found in Section 12223-7, General Code. This is part of the legislation of 1935 entitled “An act to establish a simplified method of appellate review.” More specifically, the highly commendable purpose of the Legislature was to minimize procedural difficulties and thereby facilitate the presentation of far more important substantive questions to courts of review. If the process of simplification is to be accomplished the
 
 *483
 
 language of the act must be accorded a liberal construction. With these premises in mind what distinction does this section recognize between an action at law and a suit in chancery with reference to the perfecting of an appeal? More exactly, what is meant by the wording “verdict or decision?” Is the use of the word “decision” restricted to actions at law? A close study of this and cognate sections discloses nothing to indicate that the term is employed in other than its broad, generic sense of a final determination of the rights of the parties in an action. Therefore, to hold that the word “decision” excludes either a judgment in an action at law or a decree in a suit in chancery would require not only judicial legislation but also the revival of a technical and confusing distinction that could serve no useful purpose.
 

 In the case of
 
 State, ex rel. Squire, Supt.,
 
 v.
 
 Winch et al.,
 
 the Court of Appeals overruled the motion to dismiss the appeal and considered the remaining questions. This was proper, and the judgment must be affirmed.
 

 In the case of
 
 Baker et al.
 
 v.
 
 Frazier et al.
 
 it is contended that no issue of fact was involved by reason of certain stipulations of counsel. However, a study of the record does not substantiate this view. The Court of Appeals dismissed the appeal. This was error, and the judgment is reversed and the cause remanded to the Court of Appeals.
 

 Judgment reversed and cause remanded in cause No. 27721.
 

 Judgment affirmed in cause No. 28082.
 

 Judgment reversed and cause remanded in cause No. 28084.
 

 Day, Zimmerman, Turner, Williams, Matthias and Hart, JJ., concur.