JACKSON, APPELLANT, *v.* JACKSON ET AL., APPELLEES.

(No. 401—Decided November 21, 1941.)

*Mr. T. B. Mateer,* for appellant.
*Messrs. Olds & McCarty,* for appellees.

SHERICK, J. This is an appeal from a decree in equity. The suit was heard upon the pleadings and evidence, and resulted in a finding adverse to plaintiff, and a dismissal of his amended petition.

The decree was entered on August 26, 1941. On the same day plaintiff moved that it be set aside and vacated. The second ground therefor is that the decree entered is against the manifest weight of the evidence. On October 11th, the motion was overruled. On the same day, plaintiff filed his notice of intention to appeal. It recites that the order appealed from is that of October 11th. The order of August 26th is not mentioned. Thereafter defendants moved that the appeal be dismissed. Four grounds therefor are set forth. They should be and are consolidated, because the entire matter resolves itself into one question, *viz.:* Can one successfully appeal from a decree adverse to him when he complains in his notice of intention to appeal, not of the final order, but of the order entered against him overruling his motion for vacation of the final de-

cree and for a new trial? One further matter may or may not be of importance, *i. e.*, plaintiff does not move for the right to amend his notice of appeal.

Inasmuch as the Supreme Court has determined that motions for new trial are proper in equity cases when the chancellor is therein called upon to re-examine the issues of fact, and that such a motion tolls the running of the 20-day limitation (Section 12223-7, General Code) in which one may perfect an appeal to this court (see *Cullen* v. *Schmit,* 137 Ohio St., 479, 30 N. E. [2d], 994), we are no longer concerned with those matters. But we are concerned with the holding of the Court of Appeals of the Second Appellate District, upon the identical question now before us, in *Williams* v. *Braun,* 65 Ohio App., 451, 30 N. E. (2d), 363.

Knowing that only final orders may be appealed from —Section 12223-2, General Code—and that orders overruling motions for new trial are not of such character, but that in one instance at least (*Couk* v. *Ocean Accident & Guarantee Co., Ltd.,* 138 Ohio St., 110, 33 N. E. [2d], 9) amendment of the notice of intention to appeal was permitted, and that every recent decision of the Supreme Court which considers appellate practice tends toward liberality and simplification of appellate review—see *Cullen* v. *Schmit, supra*—we approach our subject with considerable hesitancy and lack of aplomb.

Just what is sought to be accomplished by a motion for a new trial? It complains of the final order against which it is directed. It stresses and questions those matters and things which occurred throughout the trial, and which lead to the ultimate adverse final order. It ordinarily does not inject new matter into an adjudicated cause but simply complains of that which has already been done. It is not a new or independent proceeding, or an action within an action, but a vehicle whereby a trial court is asked to review its work. It

affords a trial court an opportunity of correcting its own error, if any such did intervene in the course of trial and in entering judgment. The point we try to make is that a motion for a new trial usually presents the identical controverted questions that the court had previously considered in reaching its ultimate conclusion. Both the judgment and the motion affect and concern the same subject-matter.

Since these truisms are beyond dispute it seems captious and contrary to liberality to hold that one may be barred of his right to a review just because his notice of intention to appeal inadvertently recites that the order appealed from is the one overruling the motion for a new trial. A denial of the motion is but a re-affirmance of the final disposition of the cause. It is but the seal of finality placed upon that which a court has determined. It and it alone ends all controversy in the court of origin. To say that one may complain of that which is said to be wrong, when two like wrongs may have been committed which provoked the single end, only when the first adverse holding is complained of, is to place the stamp of approval on that which may have been hastily arrived at, rather than on that which was found upon more mature deliberation. It appeals to us that a wrong is more reprehensible when deliberately done than when consummated in the course of trial.

If a motion for a new trial complains of one of several dual orders contained in a single final judgment, then without question, the notice of appeal should be directed against that portion of the original judgment complained of. And it ought to follow, if the motion presents a reason and cause for new trial not considered in the judgment entry, that the notice should be directed against the order overruling the motion, because it is this action that is particularly complained of by the one aggrieved. But when a single final order

is made and complained of in the motion for new trial, and the notice of intention to appeal is directed towards the latter and not the former, it should be immaterial which order is designated, unless form is more important than actual substance.

Section 12223-5, General Code, commences with these words: "The notice of appeal shall designate the order, judgment, or decree appealed from," and concludes with the words, "the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown." It is said in the *Cullen case, supra,* at page 482, that:

"The highly commendable purpose of the Legislature was to minimize procedural difficulties and thereby facilitate the presentation of far more important substantive questions to courts of review. If the process of simplification is to be accomplished the language of the act must be accorded a liberal construction."

In view of the statutory provisions noted, and the Supreme Court's liberality of interpretation in promoting the purposes of the act, we think that, in the interest of justice and for good cause shown, the defendants' motion for dismissal should be denied, and the court of its own motion should permit amendment of the notice if the same is desired.

*Motion overruled.*

LEMERT, P. J., and MONTGOMERY, J., concur.