CHAMPS, APPELLANT, *v.* STONE, APPELLEE.

(No. 6337—Decided November 22, 1943.)

*Mr. Louis R. Schear,* for appellant.
*Mr. Walter W. Harris,* for appellee.

Ross, P. J. The notice of appeal filed in the Court of Common Pleas of Hamilton county contains the statement that the appellant "does hereby give notice to the defendant appellee, Dr. Emmons B. Stone, of his intention to appeal on questions of law to the Court of Appeals of the First District of Ohio, Hamilton county, from the Court of Common Pleas of Hamilton county, Ohio, in the above styled caption cause and case."

Laying aside the question of whether this is a notice of appeal within the meaning of Section 12223-5, General Code, and might be subject to amendment, an examination of the transcript of docket and journal entries as well as the original papers filed in this court develops that no final order was entered in the Court of Common Pleas of Hamilton county, Ohio.

On June 9, 1943, the jury was directed to bring in a verdict in favor of the defendant. It complied with such direction and the verdict appears among the papers. On June 10, 1943, motion for a new trial was filed and on June 21, 1943, such motion was overruled. On June 23, 1943, the notice of appeal referred to was filed. No judgment was entered on the verdict.

The trial consisted only of the opening statement of counsel for plaintiff. Motion was made for "judgment on the opening statement of counsel."

The motion for new trial was therefore entirely ineffective for any purpose, no factual issues having been considered by the court. See Section 11575, General Code; *Cullen* v. *Schmit,* 137 Ohio St., 479, 30 N. E. (2d), 994.

If a final judgment had been entered before the motion was filed, the filing of such motion would not have affected the rights of either party.

In the bill of exceptions it appears that the court granted the motion for judgment made by the appellee. The transcript shows:

"The said jury having heard the testimony adduced, counsel for defendants moved the court for an instructed verdict, the court being fully advised in the premises grants said motion, and instructs the jury to return a verdict for the defendant, which was accordingly done, to wit: * * *."

Can this be considered a final judgment in the case? Obviously not, for, thereafter, in pursuance of such order the jury did render the verdict. Although the effect of such formalities is to render a judgment for defendant, actually such was not done. Final judgment should have been entered on the verdict.

Such being the state of the record, there is nothing before this court to sustain an appeal, and the appeal is therefore dismissed *sua sponte.*

*Appeal dismissed.*

HILDEBRANT and MATTHEWS, JJ., concur.