**VON GUNTEN, Plaintiff, v. NEW JUSTICE COAL COMPANY, et al., Defendants.**

Common Pleas Court, Tuscarawas County.

Decided November 24, 1945.

Bowers, Stafford & Bowers, New Philadelphia and Lynch, Day, Lynch, Cope & Ketterer, Canton, for plaintiff.

Franklin L. Maier, Massillon, and Ralph L. Kinsey, Navarre, for defendants.

## OPINION

By LAMNECK, J.

The plaintiff brought this action to recover damages and nonpayment of royalty from the defendants in the sum of $2762.94 growing out of a coal lease, and as a separate cause of action sought an injunction to restrain the defendants from mining, removing or carrying away coal from the plaintiff's property.

The defendants in their cross-petition asked judgment against the plaintiff for damages in the sum of $30,000.00 for alleged lack of cooperation on the part of the plaintiff in operating under said lease.

On October 26, 1945, a jury awarded the plaintiff a verdict of $2500.00 on his petition and the defendants were awarded $20,000.00 damages on their cross-petition. This verdict was confirmed by the Court on October 30, 1945, and in its order of confirmation the Court granted the plain-

tiff a permanent injunction as prayed for and dissolved an attachment which had previously been levied on property owned by the defendants.

On October 29th, 1945, the defendants filed a motion for a new trial on that part of the verdict against them for $2500.00. On November 1st, 1945, the plaintiff filed a motion for a new trial in which are set forth eight grounds of alleged error, all general in form. On November 5, 1945, the defendants filed a motion to strike the plaintiff's motion for a new trial from the files for the reason that the same was not filed within three days after the rendition of the verdict, and that is the matter now before the court for determination.

The verdict having been rendered on October 26, 1945, and the motion of the plaintiff for a new trial not having been filed until November 1st, 1945, which was the sixth day after the jury rendered its verdict; said motion was not filed within three days as required by §11578 GC, before its amendment which became effective on October 11th, 1945.

Said section before its amendment on October 11, 1945, in so far as it relates to this case, read as follows: "The application must be made within three days after the verdict or decision is rendered, unless he is unavoidably prevented from filing it within such time." ·

After its amendment, which became effective on October 11, 1945 said section in so far as it relates to this case reads as follows: "The application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization."

The defendants contend that under the provisions of §26 GC, §11578 GC as amended does not apply to this case for the reason that this action was commenced on May 12, 1945.

Sec. 26 GC, reads as follows:- "Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

House Bill No. 170 enacted by the 96th General Assembly, effective October 11, 1945, under which §11578 GC, was amended, contains no provision making it applicable to pending actions, prosecutions or proceedings.

The plaintiff contends that since his petition was based on several causes of action, one of which was a cause in equity for the court to decide, the time for the filing of a motion for a new trial should not start to run, even if §11578 GC, prior to its amendment is applicable in this case, until all matters are disposed of by a final order, and that objection should be taken by one motion rather than by the filing of separate motions to the verdict of the jury and a decision of the court. The court is unable to agree with this contention. **Sec. 11575 GC** before its amendment provided that "a new trial is a re-examination, in the same court, of an issue of fact, **after a verdict by a jury,** a report of a referee or master, **or decision by the court." Sec. 11578 GC** before its amendment also provided that "the application must be made within three days after the **verdict or decision** is rendered." These sections appear to be mandatory that a motion for a new trial on matters submitted to a jury must be filed within three days after the rendition of the verdict. It is quite apparent that the motion in question was not filed within three days after the verdict was rendered.

The contention of the plaintiff may have some merit under the provisions of the amended sections because under amended **§11575 GC,** "a new trial is a re-examination, in the same court, of the issues, after a final order, judgment or decree by the court," and under amended **§11578 GC,** the motion for a new trial is properly made if filed "within ten days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization." Under the amended sections the time does not start to run on matters submitted to a jury until the court confirms the verdict and renders judgment. While it is conceivable that a court might confirm a verdict and render judgment on matters submitted to a jury and reserve its finding on a matter submitted to the court in equity where both are joined in the same proceeding, this will not be done as a general rule. It is therefore obvious that the legislature as one of its objectives was attempting to correct the situation which obtains under the sections quoted above before their amendment whereby two separate motions for a new trial might be required where two separate issues, one to be submitted to a jury, and the other to be decided by the court, are joined.

The court is of the opinion that the provisions of House Bill 170 amending §§11575, 11576, 11577, 11580, 11599, 11600, 11631, and 12223-7 GC and enacting §§11576-1 and 11601-1 GC, effective October 11, 1945, are amendments only to existing sections. While §11576-1 GC, conferring the right to prosecute an appeal on a question of law without the filing of a motion for new trial on certain grounds, is a new separate section, it would have little or no application if other sections did not exist. It especially refers by one of its provisions to §11576 GC. Instead of being enacted as a separate section it could have been made a part of §11576 GC.

In the case of **State, ex rel., v Ach, 113 Oh St 482,** 149 N. E. 405, it was held that "where a legislative enactment materially changes the procedure required to be followed by any governmental agency by requiring certain steps to be taken which were not theretofore necessary, such legislation amounts to an amendment of the laws theretofore existing, and is therefore subject to the rule of interpretation provided by §26 GC."

For these reasons these sections must be read in pari materia and be considered as amendments to existing sections.

No one disputes the fact that §11578 GC, before and after its recent amendment is a remedial statute. In **State, ex rel., v Zangerle, 101 Oh St 235,** 128 N. E. 165, the court held that "sec. 26 GC, is a rule of legislative interpretation and is to be construed as a part of any amended act, unless such amendment otherwise expressly provides."

Since §26 GC, provides that the amendments to statutes "shall not affect pending actions, prosecutions, or proceedings, unless so expressed," the question for the court to determine in this case is whether a motion for a new trial is a part of a pending or a new proceeding.

While it was formerly held that a proceeding in error was an independent proceeding because a petition in error with service thereunder had to be filed, such a ruling no longer obtains under the new appellate procedure act, (**Charles v Fawley, 71 Oh St 50,** 72 N. E. 294). A petition in error is no longer required to obtain a review on a question of law. The timely filing of a simple notice of appeal which is considered a continuation of the original case is the only jurisdictional requisite (**Realty Co. v Cleveland, 140 Oh St 432,** 45 N. E. (2d) 209).

In the case of **State v Atkinson, 138 Oh St 157,** 34 N. E. (2d) 233, the Supreme Court made the following observation: "Under the new appellate procedure every appeal in a civil action is the identical case passing into the upper court. There

is no new pleading to invoke appellate jurisdiction, no further issuance of process to be served."

A motion for a new trial must be filed in the trial court. For the trial court to act thereon its timely filing is jurisdictional, and under section 26 of the General Code the court must act under the statutes in effect on the date the court acquired jurisdiction under the original petition.

For these reasons it is the finding of the court that the motion for new trial was not filed within three days after rendition of the verdict as required under §11578 GC, before its amendment, which applies in this action. Decree accordingly.