Matthias, J.
 

 The decision of the Court of Common Pleas and the affirmance thereof by the Court of Appeals were based upon the same grounds, to wit, that this action was pending on October 11, 1945, and that, therefore, it was essential that the application for a new trial be filed in the manner and within the time prescribed by Section 11578, General Code, as in effect before that date, and not in the manner provided by Section 11578, General Code, as then amended. Section 11578, General Code, as in effect prior to October 11, 1945, provided as follows:
 

 
 *516
 
 “The application for a new trial must be made at the term the verdict, report, or decision is rendered, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. The application must be made within three days after the verdict or decision is rendered, unless he is unavoidably prevented from filing it within such time.”
 

 Effective October 11, 1945, Section 11578, General Code,'was amended to read as follows:
 

 ‘ ‘ The application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. If a party was unavoidably prevented from filing an application for a new trial within such" time, the court may in the interest of justice extend the time.”
 

 If Section 11578, General Code, in its previous form is applicable, the application for a new trial should be filed before judgment is rendered; in its present form the application for a new trial is to be filed after judgment is rendered. Whether the new section is applicable to this cause depends upon the interpretation • given Section 26, General Code. That section reads as follows:
 

 “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such
 
 *517
 
 amendment or repeal, unless otherwise expressly provided in the amending or repealing act. ’ ’
 

 The amended section of the General Code, dealing as it does with the time for filing an application for a new trial, is remedial in character. It affects the remedy only and not the cause of action. The amended provision could have been effective as *to pending actions had the General Assembly so provided. An examination of H. B. No. 170 of the 96th General Assembly (121 Ohio Laws, 366), which contains this amendment and amendments of correlated sections relative to procedure, discloses no provision making the amendments effective as to pending actions. Therefore, the Court of Common Pleas and the Court of Appeals were correct when they held that Section 26, General Code, applied to the amendment of Section 11578, General Code, and that such amendment did not affect the plaintiff’s case.
 
 Elder
 
 v.
 
 Shoffstall,
 
 90 Ohio St., 265, 107 N. E., 539;
 
 State, ex rel. Board of Education of City School District of City of Cincinnati,
 
 v.
 
 Ach,
 
 113 Ohio St., 482, 149 N. E., 405;
 
 State, ex rel. Cleveland Ry. Co.,
 
 v.
 
 Atkinson, Admr.,
 
 138 Ohio St., 157, 34 N. E. (2d), 233; and
 
 City of Toledo
 
 v.
 
 Jenkins et al., Bd. of Tax Appeals,
 
 143 Ohio St., 141, 54 N. E. (2d), 656.
 

 It follows that the plaintiff was required to file his application for a new trial within “three days after the verdict or decision is rendered, unless he is unavoidably prevented from filing it within such time.” We are, therefore, in accord with the views announced by the Court of Appeals on this branch of the case. However, a further and determinative question is presented.
 

 The plaintiff’s action consisted of both law and equity. The first cause of action to recover unpaid royalties, the second and third causes of action to recover damages, and the fourth cause of action seeking equitable relief were all tried together. Likewise, the
 
 *518
 
 defendants 'in their answer sought damages and also equitable relief in that the lease be extended to allow them to remove the coal.. The verdicts of the jury constituted only a step in the trial of the case, and the record clearly shows that there was no decision by the court on the equitable feature of the case until October 30,1945, at'which time it “confirmed” the verdicts and in the same entry decided the equitable issue in favor of the plaintiff. The court in the same entry rendered a judgment for the damages found and issued a decree giving the plaintiff affirmative equitable relief.
 

 The plaintiff dontends that the case was 'not disposed of in the Court of Common Pleas on October 26, 1945, when the verdicts were returned but was finally disposed of on October 30, 1945, and the record supports that contention. The question presented then is whether the plaintiff was required to file an application for a new trial within three days after the verdicts were returned even though one of the causes of action submitted was then undecided by the court and even though the plaintiff did not then know whether he would be required also to file an application for a new trial by reason of an adverse decision on the fourth cause of action.
 

 If the plaintiff had found it necessary to appeal from the decision of the trial court on the equitable cause submitted, on the ground of the weight of the evidence, an application for a new trial would have been essential. The question thus presented was submitted to this court in the case of
 
 Cullen
 
 v.
 
 Schmit,
 
 137 Ohio St., 479, 30 N. E. (2d), 994. That question was whether an appeal from a decree in chancery filed in the Court of Appeals within 20 days after the overruling of the application for a new trial was filed in time. This court there held as follows:
 

 “Under the provisions of Section 12223-7, G-eneral
 
 *519
 
 Code, a motion for a new trial mnst not only be filed within three days after a verdict or decision, but it must be ‘duly’ filed; and in this respect these provisions recognize no distinction between an action at law and a suit in chancery.”
 

 The effect and application of Section 11576-1, General Code, making an application for a new trial unnecessary in certain cases, which also became effective October 11,1945, is hot before us in this case and hence is not considered and decided.
 

 This court has considered also the question as to when a “decision” of the trial court is properly rendered within the meaning of Section 11578, General Code. In the case of
 
 In re Estate of Lowry,
 
 140 Ohio St., 223, 42 N. E. (2d), 987, where an issue of law was submitted to the trial court, a jury having been waived, this court held that the finding of the court is equivalent to the verdict of a jury and is governed by all statutes relating to verdicts. Further, this court there held:
 

 “In a case wherein trial by jury was waived and the trial judge, after hearing, rendered a decision on the issues presented and thereafter overruled a motion for a new trial, which motion had been filed within three days after the finding and decision and prior to the entry of judgment in conformity therewith, a reviewing court is not precluded from considering the case upon the weight of the evidence, upon the ground that such motion for new trial was prematurely filed. ’ ’
 

 In the case of
 
 State, ex rel. Curran,
 
 v.
 
 Brookes, Jr., et al., Bd. of Trustees,
 
 142 Ohio St., 107, 50 N. E. (2d), 995, this court held that “A ‘decision is rendered,’ within the meaning of Section 11578, General Code, when there is filed with the clerk for journalization a finding which determines the issues submitted.
 
 (In re Estate of Lowry,
 
 140 Ohio St., 223, approved and followed.)
 
 ”
 

 
 *520
 
 See, also,
 
 Steinle
 
 v.
 
 City of Cincinnati,
 
 142 Ohio St., 550. There it is stated in the syllabus:
 

 “In an action at law submitted to the court without a jury, the filing of a motion for a new trial is within time when done within three days after the court has filed for journalization a finding which disposes of all the controlling issues in the case.”
 

 Did the trial court in the instant case render a decision, as “decision” is defined by Section 11578, General Code, as interpreted and applied in the case of
 
 State, ex rel. Curran,
 
 v.
 
 Brookes, Jr.,
 
 supra? The record, in the instant case shows there was no finding made or filed with the clerk for journalization prior to the entry of judgment, and that no period of time elapsed between the decision of the court on the equitable cause and the entering of the decree. As previously indicated the finding and judgment were in the same entry. In this situation it is difficult to conceive how the plaintiff could have duly filed an application for a new trial for clearly no opportunity was afforded to do so. Issues of fact were submitted to and decided by the trial court on the equitable cause of action and if the weight of the evidence were to be challenged on appeal an application for a new trial was a prerequisite.
 

 In the case of
 
 Boedker
 
 v.
 
 Warren E. Richards Co.,
 
 124 Ohio St,, 12, 176 N. E., 660, this court interpreted Section 11599, General Code, which provided that:
 

 “When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the .verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such
 
 *521
 
 verdict by overruling tbe motion. Upon such overruling it shall immediately be entered.”
 

 In construing this statute this court held:
 

 “Under the provisions of Section 11599, General •Code (Section 5326, Eevised Statutes, as amended in 1902, 95 O. L., 351), an entry of judgment in a suit at law before the expiration of the three-day period within which, a motion for a new trial may be filed, is ineffective to start the running of the limitation for filing a petition in error.”
 

 If an application for a new trial is necessary in a chancery case, and that question has been answered in the affirmative in the case of
 
 Cullen
 
 v.
 
 Schmit, supra,
 
 the same rule must be applied to the decision of a court in chancery cases as is applied to an action at law submitted to the trial court as was done in the case of
 
 Boedker
 
 v.
 
 Warren E. Richards Co., supra.
 

 The following declaration in 46 Corpus Juris, 292, Section 259, is pertinent:
 

 “Where only part of the issues are submitted to .and determined by the jury, proceedings for a new trial taken before there is a finding upon, or decision of, the remaining issues by the court are premature, unless the verdict of the jury upon the issues submitted to them completely disposes of the case adversely to the party applying for a new trial.”
 

 The judgment entered in this case was premature. The application for a new trial filed within three days after the entry of the court, completely disposing of all the issues in the case, filed with the clerk for journalization, was within the three days limitation prescribed by the statute.
 

 Wé hold, therefore, first, that Section 11578, General Code, as in effect prior to October 11, 1945, controls the procedure in this case; second, that a three-day period must elapse between the finding of the trial court in the equity cause and the entry of its judgment and decree; third, that the judgment and decree was
 
 *522
 
 prematurely entered; and, fourth, that the judgment and decree should be vacated and so re-entered as to permit the parties to file applications for a new trial in the manner provided by Section 11578, General Code, as in effect prior to October 11,1945.
 

 The judgment of the Court of Appeals is accordingly reversed and the cause remanded to the Court of Common Pleas for further proceedings in accordance with this opinion.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Zimmerman, Bell and Sohngen, JJ., concur.
 

 Hart, J., not participating.