Taft, J.
 

 Defendant’s brief states that the record presents two questions for this court. As to the first, we agree with defendant that there was evidence to support the findings of the Common Pleas Court that plaintiff did not sustain an injury in the course of and arising out of his employment with defendant.
 

 The other question is whether two of the three judges of the Court of Appeals could reverse the judgment of the Common Pleas Court on the sole ground that it was manifestly against the weight of the evidence.
 

 This depends upon a construction of Section 6 of Article IV of the Constitution, as amended November 7, 1944. The pertinent part of that section reads:
 

 
 *3
 
 “No
 
 judgment
 
 of any court of record
 
 entered on the verdict of the jury
 
 shall be set aside or reversed on the weight of the evidence except by the concurrence of all three judges of a court of appeals. Only a majority of such court of appeals shall be necessary to pronounce a decision, make an order or enter judgment,
 
 upon all other questions *
 
 * *.” (Emphasis ours.)
 

 The judgment in the instant case was not ‘ ‘ entered on the verdict of the jury” since the record discloses that the parties waived a jury and the cause was heard by the court. Giving the language used by the people in this constitutional provision its ordinary meaning, there was clearly nothing to prohibit two members of the Court of Appeals from entering the judgment which they rendered in the instant case. On the contrary, that language clearly appears to authorize two such members to pronounce a decision or enter a judgment of the kind which was rendered in the instant case.
 

 Defendant, however, cites the .first paragraph of the syllabus in
 
 Boedker
 
 v.
 
 Warren E. Richards Co.,
 
 124 Ohio St., 12, 176 N. E., 660, which reads:
 

 “Where an action at law is submitted to the court, trial by jury being waived by the parties, the finding of the court is the equivalent of a verdict of a jury and is to be governed by all statutes relating to verdicts.”
 

 Defendant then argues that since the finding of a court on a trial where a jury has been waived “is the equivalent of a verdict of a jury,” it should be so regarded in construing the above-quoted language of the constitutional provision.
 

 In the
 
 Boedker case
 
 a jury was waived and the court found generally for the plaintiff and rendered judgment on that finding. Two days later, the defendant filed a motion for a new trial which was not overruled
 
 *4
 
 for almost a year. It was held that the statutory period for filing a petition in error did not begin to run until the motion for a new trial was overruled.
 

 In so holding the court pointed out that, where a jury verdict was rendered, Section 11599, General Code, indicated that the clerk and the court were “without power to enter a judgment until after expiration of the time for the filing of a motion for á new trial.” In the opinion, by Marshall, C. J., it is stated on page 19:
 

 ‘ ‘ Technically speaking, the finding of the court would not be the verdict of a jury, but the rights of the parties would be the same in either event. ’ ’
 

 In the court’s opinion by Matthias, J., in
 
 Von Gunten
 
 v.
 
 New Justice Coal Co.,
 
 147 Ohio St., 511, 72 N. E. (2d), 253, it is said on page 521, after a reference to and a quotation from the
 
 Boedker case.
 

 “If an application for a new trial is necessary in a chancery case, and that question has been answered in the affirmative in the case of
 
 Cullen
 
 v.
 
 Schmit, supra
 
 [137 Ohio St., 479, 30 N. E. (2d), 994], the same rule must be applied to the decision of a court in chancery cases as is applied to an action at law submitted to the trial court as was done in the case of
 
 Boedker
 
 v.
 
 Warren E. Richards Co., supra.”
 

 Thus, the argument of defendant, based on the
 
 Boedker case,
 
 when pursued in the light of the
 
 Von Gunten case,
 
 leads to the conclusion that each of the following should be regarded as equivalents in construing the language quoted from Section 6 of Article IV of the Constitution:
 

 1. The verdict of a jury.
 

 2. The finding of the court where a jury was waived.
 

 3. The decision of a court in a chancery case.
 

 The absurdity of such a conclusion should demonstrate the fallacy of the argument.
 

 
 *5
 
 To adopt that conclusion would amount to recognizing that the different language used in the amendment had the same meaning as the language which it replaced.
 

 Defendant then argues that in view of the holding of this court in
 
 Youngstown Municipal Ry. Co.
 
 v.
 
 City of Youngstown,
 
 147 Ohio St., 221, 70 N. E. (2d), 649, there is serious question whether the above-quoted provisions from the Constitution were in full force and effect before the General Assembly changed the existing law on the subject.
 

 This argument fails to distinguish between the jurisdiction of the Court of Appeals and the authority of the judges of the Court of Appeals to exercise that jurisdiction. The above-quoted part of Section 6 of Article IV provides for a limitation on the authority of two of the three judges to set aside or reverse a “judgment * * * entered on the verdict of the jury,” but specifically authorizes them “to pronounce a decision, make an order or enter judgment, upon all other questions.” The previous sentence (not quoted) provides for the jurisdiction of the court.
 

 The portion of the amended constitutional provision in question here is clear and unambiguous. It is self-executing and, therefore, requires no legislative action to make it effective. Authority is expressly conferred on a majority of the Court of Appeals to act upon all questions excepting only the reversal of the judgment “entered on the verdict of a jury” which requires “the concurrence of all three judges.”
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Turner, JJ., concur.