*298
 
 Matthias, J.
 

 The determination of the question presented by the demurrer requires this court to construe Section 26, General Code, and determine its applicability to a proceeding for the issuance of bonds, pursuant to Sections 2293-19 to 2293-23, inclusive, General Code.
 

 The particular question presented relates to the amendment of Section 2293-23, General Code, effective October 25, 1949, altering the vote requirement for authority to issue bonds by reducing the vote required for approval from 65 per cent to 55 per cent.
 

 Sections 2293-19 to 2293-23, inclusive, General Code, are a part of the Uniform Bond Act and provide the procedure whereby political subdivisions may issue bonds and levy taxes outside the ten-mill limitation fixed by Section 2, Article XII of the state Constitution, and outside certain statutory debt limitations prescribed by Sections 2293-13 to 2293-18, General Code.
 

 Section 26, General Code, provides:
 

 “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act. ’ ’
 

 It is agreed that the steps required by the Uniform Bond Act, as set forth in Sections 2293-19 to 2293-23, inclusive, General Code, constitute a “proceeding” as that term is used in Section 26, General Code. The relator contends, however, that the percentage of the vote, necessary to approve the bonds, is not involved in the proceeding, but that the proceeding had as its
 
 *299
 
 purpose only the submission to the electors of the question whether the bonds should be issued, and that all steps in such proceeding were completed before the submission of the proposal to the electors. The relator urges that at the time of the change in the percentage of the vote required for approval of such proposal there was no proceeding pending as that term is used in Section 26, General Code, and, therefore, the lesser percentage prescribed by the amendment of Section 2293-23, General Code, was sufficient for approval of the proposed bond issue.
 

 The respondent contends that the proceeding to submit the question to the electors was a “pending proceeding” at the time of the amendment; that under the Uniform Bond Act the initial resolution is the jurisdictional step
 
 (State, ex rel. Wuebker,
 
 v.
 
 Bockrath et al., Trustees,
 
 152 Ohio St., 77) and that the law applicable at the time of the initial resolution applied throughout the proceeding of which the election itself was a part and within the purview of Section 26, General Code. . .
 

 It must be noted that the General Assembly did not exercise its prerogative to expressly provide in the amending or repealing act that the restrictive provisions of Section 26, General Code, do not apply. As stated in the opinion in
 
 State, ex rel. Andrews et al., Bd. of Commrs.,
 
 v.
 
 Zangerle, Aud.,
 
 101 Ohio St., 235, 244, 128 N. E., 165, “if the legislature had intended, in view of said Section 26, to include pending improvements theretofore ordered, or assessments theretofore made, it could have easily and clearly so expressed its plain purpose, and not left it to mere implication, which under the statute is obviously insufficient.” The effect of Section 26, General Code, as a declaration of policy that statutes are to have a prospective rather than retrospective operation is fully discussed in the
 
 *300
 
 case of
 
 Summit Beach, Inc.,
 
 v.
 
 Glander, Tax Commr., ante,
 
 147.
 

 A consideration of the question presented may be found in many previous decisions of this court. The following language from 33 Ohio Jurisprudence, 50, Section 40, is pertinent:
 

 ‘ ‘ The procedure for the issuance of public securities is governed, as a general rule, by the law in force at the time of the adoption of the resolution or ordinance providing for such issue.
 

 “Since a resolution or ordinance declaring for or in favor of a highway improvement, or fixing the assessment therefor, is a ‘proceeding,’ within the contemplation of Section 26, General Code, relating to the effect of the amendment or repeal of statutes, the rate of interest on bonds issued for the payment of the cost of such improvement, or in anticipation of assessments therefor, is governed by the law in force at the time of the institution of such proceeding, and is not affected by a subsequent amendment thereof, permitting a higher rate of interest, which is not ‘expressly’ made applicable to pending proceedings.”
 

 The following cases support the text:
 
 Raymond
 
 v.
 
 City of Cleveland,
 
 42 Ohio St., 522;
 
 City of Cincinnati
 
 v.
 
 Seasongood,
 
 46 Ohio St., 296, 21 N. E., 630;
 
 City of Cincinnati
 
 v.
 
 Davis,
 
 58 Ohio St., 225, 50 N. E., 918;
 
 State, ex rel. Andrews,
 
 v.
 
 Zangerle, Aud., supra; State, ex rel. Bd. of Edn. of City School Dist. of Cincinnati,
 
 v.
 
 Ach,
 
 113 Ohio St., 482, 149 N. E., 405;
 
 State, ex rel. City of Toledo,
 
 v.
 
 Weiler,
 
 113 Ohio St., 443, 149 N. E., 326, and
 
 State, ex rel. Johnson, City Solicitor,
 
 v.
 
 Chandler, Aud.,
 
 105 Ohio St., 499, 138 N. E., 67.
 

 It seems clear from a consideration of the many cases involving the question presented, heretofore decided by this court, that amended Section 2293-23, General Code, must be interpreted and applied by the rule declared in Section 26, General Code, and that
 
 *301
 
 since it was not ‘ ‘ otherwise expressly provided in the amending or repealing act” it in no manner affects the. pending proceeding.
 

 That the election whereby the issuance of bonds is authorized is an essential part of the proceeding clearly appears from Section 2293-23, General Code, which) prescribes the form of the bállot and the percentage of the vote required to authorize the issuance of bonds, all of which are made a prerequisite to proceeding further under the provisions of the Uniform Bond Act.
 

 Therefore as to that proceeding the percentage of a vote required to authorize the issuance of bonds remains unaltered.
 

 It follows that the demurrer to the petition is sustained and the writ of mandamus prayed for is denied.
 

 Writ denied.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.