Per Curiam.

On June 12,1957, the relator determined that it was necessary to submit a bond issue to the electors and passed a resolution of necessity. At that time, Section 133.041, Revised Code (126 Ohio Laws, 615), was in effect. It read as follows:
‘ ‘ On or before December 31,1957, the net indebtedness of a school district which may be imposed by popular vote with the consent of the state Department of Taxation, as provided in Section 133.04 of the Eevised Code, shall be increased from six per cent to nine per cent, provided that the submission to popular vote of bond issues which would make the net indebtedness more than six per cent shall also have the approval of the state Department of Education. The state Department of Education shall determine that the proceeds of such bonds are needed for the purpose of acquiring sites and equipment or constructing any permanent improvement which a board of education is authorized to acquire or construct and that such acquisition or construction would provide a desirable permanent school center.” (Emphasis added.)
It will be noted that the purpose clause of the act amending Section 133.041, Eevised Code, as above quoted, recited the purpose as being “to give temporary authority to boards of education to issue bonds '* * * up to nine per cent of the value of the property of the district * * * and to declare an emergency”; that the statute itself provides that it is applicable only “on or before December 31, 1957”; and that, as a condition precedent to holding a valid election creating a net indebtedness in excess of six per cent, the statute required that the board “ shall have the approval” of the state Department of Education as to the necessity for such bond issue.
As disclosed by the petition, the bond issue election was held on November 5, 1957, and the state Department of Education did not approve the submission of the bond issue to popular vote until January 21, 1958.
It is obvious from the foregoing that the mandatory provisions of Section 133.041, Eevised Code, were not complied with.
The act amending Section 133.04 and repealing Section 133.041, Eevised Code, effective June 22, 1957 (127 Ohio Laws, *402 S. 444), in no way affects the bond issue in question here since it was a “pending proceeding” at the time the amending and repealing act became effective. State, ex rel. City of Cincinnati, v. Flick, And., 153 Ohio St., 294, 91 N. E. (2d), 673.
Our conclusion as to the first issue makes it unnecessary to consider the second.
As the petition fails to state a cause of action, the demurrer is sustained and the writ is denied.

Writ denied.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Bell, JJ., concur.
Herbert, J., not participating.