Per Curiam.

In the case of Henry v. Henry, 157 Ohio St., 319, 105 N. E. (2d), 406, this court held in the syllabus as follows:
“1. Where a judgment of the Common Pleas Court depends upon the evidence and inferences to be drawn therefrom, then on an appeal on questions of law only the Court of Appeals is ordinarily authorized to modify that judgment only where the evidence is such as to require such modification as a matter of law.
*87 “2. On an appeal on questions of law from a judgment of the Common Pleas Court awarding alimony to a wife where a divorce is granted because of the husband’s aggression, the Court of Appeals may not ordinarily substitute its judgment as to what it deems reasonable as an allowance of alimony for the judgment of the Common Pleas Court on that question. A unanimous judgment of the Court of Appeals, doing that and providing a very substantial increase in the amount to be allowed to the wife as alimony, will be treated as a reversal of the judgment of the Common Pleas Court as to alimony on the weight of the evidence.”
In that case, the trial court awarded the divorce to the plaintiff and awarded alimony in the amount of approximately $81,000. The Court of Appeals for Huron County modified the lower court’s order so as to give plaintiff property having a value of about $383,000. The judgment of the Court of Appeals was reversed and the cause was remanded to the Common Pleas Court for further proceedings as if it had been remanded by the Court of Appeals on the weight of the evidence.
The first paragraph of the syllabus quoted above is not applicable for the reason that the Court of Appeals here did not modify the judgment of the trial court but rather reversed and remanded. The last sentence of the second paragraph of the syllabus could be applicable here but for the journal entry of the Court of Appeals which pointedly states that “it is the unanimous judgment of this court that the trial court abused its discretion in the apportionment of the property between the parties. The court does not find any other errors appearing on the record.”
In other words, although the first assignment of error raised by the wife before the Court of Appeals states that “the judgment and award rendered by the court to the plaintiff is manifestly against the weight of the evidence,” the judgment was specifically not reversed on the weight of the evidence but solely for abuse of discretion which was the second assignment of error raised by plaintiff before the Court of Appeals in the following language, “that the amount granted the plaintiff is *88 inadequate for her minimum needs considering the circumstances of the parties, the assets they owned and the income of the defendant and the court therefor [sic] abused its discretion.”
The use of the words, “unanimous judgment,” in the journal entry in the instant case may have been caused by the language in the second paragraph of the syllabus in the Renry case, supra. In 18 Ohio Jurisprudence (2d), 93, Section 151, the following statement appears:
“While a Court of Appeals is without jurisdiction to reverse a finding and judgment of the trial court that a party is entitled to alimony in some amount, on the ground that such finding is against the weight of the evidence, except by unanimous action, at least one court has indicated that it may, by a majority opinion, reverse a judgment for alimony on the ground that the amount allowed is inadequate or excessive, and remand the ease for a new trial on that issue.”
Section 6, Article IV of the Ohio Constitution, was amended, effective January 1, 1945, whereby the language, “No judgment of a Court of Common Pleas, a Superior Court or other court of record shall be reversed except by a concurrence of all the judges of the Court of Appeals on the weight of the evidence * * *,” was deleted, and the following language was substituted, “No judgment of any court of record entered on the verdict of the jury shall be set aside or reversed on the weight of the evidence except by the concurrence of all three judges of a Court of Appeals. Only a majority of such Court of Appeals shall be necessary to pronounce a decision, make an order or enter judgment, upon all other questions * * *.”
It is clear from the substituted language that the Court of Appeals is now authorized to reverse by a majority vote the judgment of the trial court on any question except the weight of the evidence and even on that question in nonjury cases. Hnizdil v. White Motor Co., 152 Ohio St., 1, 87 N. E. (2d), 94. The unanimity of the Court of Appeals in its decision before us now was not, therefore, constitutionally essential.
The defendant husband for his assignment of error here contends that the Court of Appeals erred in finding that the trial court abused its discretion in the apportionment of the prop *89 erty between the parties and in reversing the judgment of the trial court and remanding the cause for that reason when the record does not affirmatively disclose an abuse of discretion by the trial court.
As noted from plaintiff’s second assignment of error before the Court of Appeals {supra), her basic contention was that she had been granted inadequate alimony, and yet if this case had been remanded to the trial court without review here, that court would have had no guide to indicate wherein it had abused its discretion in the amount of alimony awarded — whether too much or too little.
We cannot find any abuse of discretion pin-pointed in the judgment entry of the Court of Appeals or in the arguments of counsel. This case resolves itself down to a difference of opinion between the trial court and the reviewing court as to what constituted a proper award of alimony. The applicable statute is Section 3105.18, Revised Code, which reads as follows:
“The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.
“Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.”
A Court of Common Pleas, therefore, in allowing alimony must make awards which are “reasonable” and “equitable.”
The record discloses that the apportionment made by the trial court was detailed and was supported by evidence. That court took into consideration the property of each at the time of marriage, the fact that the defendant was retired on an annuity pension by his former employer, and the value of real and personal property of each at the time of the decree. The decree awarded alimony in both real and personal property, payable in gross, which sum was, as claimed by the appellee here, about three-eighths of the combined marital property.
We do not propose to evaluate the evidence as to its weight, and being unable to find in this record any abuse of discretion *90 as previously defined by this court, and there being no specification of such abuse in the journal entry by the Court of Appeals, we have no course to follow but to reverse the judgment of that court and affirm the judgment of the trial court.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.