Taet, J.,
concurring in part. In the instant case, in order to establish a lien on either of the two houses involved, it was incumbent upon Bing Brothers to prove by a preponderance of the evidence that there was an understanding or agreement between King Brothers and Pence to furnish materials for erecting that specific house, i. e., the kind of an implied contract required by Section 1311.02, Revised Code, If there was no *216 such implied contract with regard to a particular one of these two houses, King Brothers would be entitled to no lien against that house.
By sustaining the validity of the lien claimed by Bang Brothers against each of the two houses, the Probate Court, as the trier of the facts, necessarily found that there was such an implied contract with respect to each of the two houses.
As pointed out in Judge Herbert’s opinion, there is sufficient evidence to support such a finding of fact and hence the final judgment rendered by the Court of Appeals against King Brothers cannot be, as it was, based solely upon the contrary finding of that fact by the Court of Appeals.
On the other hand, the evidence was certainly not sufficient to require the Probate Court as a matter of law to make the finding of that fact which it made. It necessarily follows that the Court of Appeals had the power to reverse the judg-ment of the Probate Court on the weight of the evidence. Poske v. Mergl (1959), 169 Ohio St., 70, 157 N. E. (2d), 344.
Under Section 6 of Article IV of the Ohio Constitution, a majority of the Court of Appeals may reverse the judgment of the Probate Court on the weight of the evidence since that judgment was not entered on the verdict of a jury. Hnizdil v. White Motor Co. (1949), 152 Ohio St., 1, 87 N. E. (2d), 94.
If we assume that the determination of the majority of the Court of Appeals, that there was no implied contract of the kind required by Section 1311.02, Revised Code, does not necessarily indicate their conclusion that any finding that there was such a contract would be against the weight of the evidence (see Henry v. Henry [1952], 157 Ohio St., 319, 105 N. E. [2d], 406; State v. Geghan [1957], 166 Ohio St., 188, 140 N. E. [2d], 790; State v. Robinson [1955], 162 Ohio St., 486, 124 N. E. [2d], 148), we should certainly remand this cause to the Court of Appeals and give that court an opportunity to consider the question as to whether such finding was against the weight of the evidence. Dennison v. Dennison (1956), 165 Ohio St., 146, 134 N. E. (2d), 574; In re Disbarment of Lieberman (1955), 163 Ohio St., 35, 125 N. E. (2d), 328; Miller, a Minor, v. Industrial Commission (1953) , 158 Ohio St., 551, 110 N. E. (2d), 481; State v. Robinson (1954) , 161 Ohio St., 213, 118 N. E. (2d), 517. See also Cornier *217 v. Conner (1959), 170 Ohio St., 85, 90 et seq., 162 N. E. (2d), 852; Schafer v. Wells (1961), 171 Ohio St., 506, 519. Since it rendered final judgment against King Brothers, the Court of Appeals never reached that question in rendering its judgment and has therefore never as yet had any occasion to consider that question.
Hence I cannot concur in that part of the judgment of reversal in the instant case which would bypass the Court of Appeals and affirm the judgment of the Probate Court.
O’Neill, J., concurs in the foregoing opinion by Taet, J.