Taet, C. J.,
concurring. This opinion is written because I cannot agree with the conclusion of the majority that the Court of Appeals properly denied a review on questions of law and fact.
After the 1944 amendment of Section 6 of Article IY of the Ohio Constitution and before the amendment in 1955 of Section 2501.02, Revised Code (126 Ohio Laws, 56 — subsequently amended in 1961 — 129 Ohio Laws, 582, 742), so as to delineate the appellate jurisdiction of the Courts of Appeals, it was generally held by a majority of this court that the right of a Court of Appeals to hear an appeal on questions of law and fact was dependent upon whether it was a ‘ ‘ chancery case. ’ ’ See Youngstown Municipal Ry. Co. v. City of Youngstown (1946), 147 Ohio St., 221, 70 N. E. (2d), 649; Meyer v. Meyer (1950), 153 Ohio *474 St., 408, 91 N. E. (2d), 892; Connelly, Trustee, v. Balkwill (1954) , 160 Ohio St., 430, 116 N. E. (2d), 701; Westerhaus Co. v. City of Cincinnati (1956), 165 Ohio St., 327, 135 N. E. (2d), 318; Sessions, Trustee, v. Skelton (1955), 163 Ohio St., 409, 127 N. E. (2d), 378; Bradford et al., Admrs., v. Micklethwaite (1955) , 163 Ohio St., 301, 127 N. E. (2d), 21; In re Estate of Yost (1955), 163 Ohio St., 593, 128 N. E. (2d), 12.
Since the amendment of that statute, it is no longer necessary to consider any such question. In determining whether an appellant is entitled to an appeal on questions of law and fact, it is now only necessary to determine whether the action is one of those specified in Section 2501.02, Revised Code. See Humphrys v. Putnam (1961), 172 Ohio St., 456, 459, 178 N. E. (2d), 506.
In my opinion, the instant case is such an action because it seeks “as a primary and paramount relief * * * cancellation of * * * [an instrument] in writing.” The right to enjoy the surviving spouse’s statutory share of the decedent’s estate is only the consequence of the cancellation of the written ante-nuptial agreement.
A judgment will not be reversed for an error that is not affirmatively shown to have prejudiced the one seeking reversal of the judgment.
Section 6 of Article IV of the Constitution, as amended in 1944, provides that the Courts of Appeals “shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * # of courts * *
An examination of the statutes defining jurisdiction of the Courts of Appeals indicates that the only rights that an appellant would lose if a Court of Appeals refused to hear his appeal as one on questions of law and fact are:
(1) The right to have the Court of Appeals “weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case.” Section 2501.02, Revised Code.
(2) The right to amend pleadings. Section 2505.21, Revised Code.
(3) The right to offer “such additional evidence as upon *475 application in the interest of justice the Court [of Appeals] may authorize to be taken.” Section 2505.21, Revised Code.
Where, as in the instant case, the Court of Appeals has not previously reversed the judgment of a trial court in a nonjnry case on the weight of the evidence (two of the three judges may do so in a nonjnry case [Hnizdil v. White Motor Co. (1949), 152 Ohio St., 1, 87 N. E. (2d), 94], but cannot do so more than once [Section 2321.18, Revised Code]), it has the same duty to weigh the evidence in an appeal on questions of law as in an appeal on questions of law and fact. The only difference is that, if it finds the judgment of the trial court against ihe weight of the evidence, the Court of Appeals cannot substitute its judgment for that of the trial court in an appeal on questions of law only. See Henry v. Henry (1952), 157 Ohio St., 319, 105 N. E. (2d), 406.
In the instant case, it does not appear that the appellant had any inclination whatever to either amend her pleadings or offer additional evidence. Likewise, the Court of Appeals did not find the judgment of the trial court to be against the weight of the evidence. Hence, it does not appear affirmatively that appellant was prejudiced by the failure of the Court of Appeals to hear this appeal as one on questions of law and fact. Thus, its error in refusing to do so would not justify a reversal of its judgment.
Gibson, J., concurs in the foregoing concurring opinion.